## Case No. 13,625.

### The SUNSWICK.

[5 Blatchf. 280.] [1]

Circuit Court, S. D. New York. Oct. 30, 1865.

APPEAL — ADMIRALTY — FINDINGS OF FACT—CARRIER—ACTION FOR NONDELIVERY—MEASURE OF DAMAGES.

1. Where, in a suit in admiralty, in the district court, the question was, whether a contract was one of affreightment on the part of a vessel, or of a hiring of the vessel and her crew, she to be navigated by the hirer, and all the witnesses were examined before the court, and the question was simply one of fact, and turned very much upon the weight to be given to the witnesses: *Held*, on appeal, that this court would not disturb the finding, even if it differed with the district court.

[Cited in The Maggie P., 25 Fed. 206; The Parthian, 48 Fed. 564; The Albany, Id. 565; The Warrior, 4 C. C. A. 498, 54 Fed. 537; Re Hawkins, 13 Sup. Ct. 527.]

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

2. Where a cargo of iron, carried by a vessel under a contract of affreightment, was sunk, and its owner, after notice to the owner of the vessel, raised and saved the iron: *Held*, in a suit to recover damages for the nondelivery of the iron, that it was proper to allow, as such damages, the expense of raising the iron.

[Appeal from the district court of the United States for the Southern district of New York.] .

This was a libel in rem, filed in the district court, against a lighter called the Sunswick, to recover damages for the nondelivery of a quantity of railroad iron, in pursuance of a contract of affreightment, at a point on the Hackensack river, where a new bridge was being constructed. The iron was taken from Wetmore's dock, in Brooklyn. The lighter capsized, with the iron on board, as she was entering the Kills, and hence failed to deliver it. The district court decreed for the libellants [case unreported], and the claimant appealed to this court.

Washington Q. Morton, for libelants.

Skeffington Sanxay, for claimant.

NELSON, Circuit Justice. The main point in the defence is, that there was no contract of affreightment made on behalf of the vessel, but, on the contrary, that it was a contract of hire by the libellants, of the vessel and her crew, she to be navigated by them, and on their own responsibility. The contract was made between Hedenberg, the owner and claimant, and an agent of the libellants. Both of them were examined before the court below, the one sustaining the contract, as one for freight in the usual way, and the other the hiring of vessel and her crew, she to be under the exclusive control and pilotage of the agent of the libellants. There are some corroborating facts and circumstances tending to support each of these conflicting views of the transaction. All the witnesses were examined before the court, and, as the case turns very much upon the weight to be given to the witnesses, and the question is simply one of fact, I would not disturb the finding, even if I differed with the court. But I am inclined to think, on the proofs, as they appear on paper, that the finding was according to the weight of testimony and the attending circumstances, and must, therefore, affirm the decree.

A point is made upon the damages. The iron cost $2,050. The libellants, after notifying the claimant that they would hold him responsible for it, and that, if he did not get it up and deliver it, they would do so at his expense, raised it, after his refusal, at an expense, according to the proofs and the report of the commissioner, of $671.22, including interest, for which a decree, with costs, has been rendered. I see no valid objection to this assessment. The items appear fair and reasonable, and make up the loss which the libellants have sustained by the nondelivery of the iron under the contract. Decree affirmed.