## Case No. 12,214.

### SAGE v. TAUSZKY.

[6 Cent. Law J. 7;[1] 24 Int. Rev. Rec. 12; 2 Cin. Law Bul. 330.]

Circuit Court, S. D. Ohio. Dec., 1877.

FEDERAL COURTS—FOLLOWING STATE PRACTICE—DEPOSITION.

The act of congress of June, 1872 (Rev. St. § 914 [17 Stat. 197]), which requires that the

[1] [Reprinted from 6 Cent. Law J. 7, by permission.]

practice, pleadings, forms, and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts of the United States, shall conform, as nearly as may be, to the practice, pleadings, forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, has no application to the manner of taking depositions to be used in the federal courts. The requirements which must be followed in taking depositions to be used as evidence in the federal courts are prescribed by sections 863–865, Rev. St., which have not been repealed by section 914.

[Quoted in brief in Re Hawkins, 13 Sup. Ct. 515.]

The case came on to be heard on motion of counsel for plaintiff, to suppress the depositions of Oppenheimer et al., taken on behalf of defendant in Chicago, Ill. The grounds of the motion were as follows: 1st. The notice to take said depositions does not state the names of the witnesses whose depositions were to be taken thereunder. 2d. It does not state any reason for taking the deposition of any witness. 3d. The officer who took said deposition does not in his certificate state any reason for taking the deposition of any witness. 4th. The deposition of said Oppenheimer was not taken on the day named in said notice. 5th. It nowhere appears that said Oppenheimer was not, and is not, now, a resident of Cincinnati, or does not live within a hundred miles thereof.

Wilby & Wald, for the motion.
E. G. Hewitt, contra.

SWING, District Judge. These depositions were taken in Chicago, more than one hundred miles from the place of trial, in conformity with the Ohio practice. The notice was that, on Monday, the 27th day of August, 1877, the defendant would take the depositions of sundry witnesses, etc. The deposition shows that on that day a witness, who knew nothing of the case, was called, and this was repeated for four days, until on the fifth day the material witness was called. There was no cross-examination, and no counsel for plaintiff was present when the examination was had. The question arising here involves the construction of sections 863–865 and 914 of the Revised Statutes of the United States. It is admitted that the depositions are not taken in conformity with the requirements of the federal statutes on that subject, and are in conformity with the law of Ohio. If we are to be governed by sections 863–865, the depositions must be suppressed; if we are to be governed by section 914 alone, it is claimed the motion must be overruled. Prior to the act of June 1st, 1872. the laws of congress regulating the taking of depositions, (sections 863–865), provided that the testimony of any witness might be taken in any civil cause depending in a district or circuit court, by deposition de bene esse. when the witness lives at a greater distance from the place of trial than one hundred

miles, or is bound on a voyage to sea, or is about to go out of the United States, or out of the district in which the case is to be tried, and to a greater distance than one hundred miles from the place of trial before the time of trial, or when he is ancient or infirm. They also designated the officers before whom the depositions might be taken. They further provided that reasonable notice must first be given in writing by the party, or his attorney, proposing to take such deposition, to the opposite party, or his attorney of record, as either may be nearest, which notice shall state the name of the witness and the time and place of the taking of his deposition. They provided also for the manner in which the witness should be sworn, and how his testimony should be reduced to writing. They further provided that every deposition taken under said provisions should be retained by the magistrate taking the same, until he delivered it with his own hands into the court for which it was taken, or it should, together with a certificate of the reasons of taking it, and of the notice, if any, given to the adverse party, be by him sealed up and directed to said court, and remain under his seal until opened in court. Such were the express requirements by the acts of congress, in regard to the taking of depositions, when the act of June, 1872 (Rev. St. U. S. section 914), was passed, which, it was claimed, modifies or repeals such provisions. The act of June, 1872, provides, "that the practice, pleadings and forms and modes of proceeding in civil causes, other than equity and admiralty causes in the circuit and district courts, shall conform as nearly as may be to the practice, pleadings and forms and modes of procedure, existing at the time in like causes in the courts of record of the state, within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

It is a settled rule of law, that a more ancient statute will not be repealed by a more modern one, unless the latter expressly negatives the former, or unless the provisions of the two statutes are manifestly repugnant. It will be observed that this latter act does not in terms repeal the former acts upon this subject, nor does it in terms provide when, or the mode in which, a deposition shall be taken. It is only, therefore, by the construction which shall be given to the general terms, "practice, pleading and forms and modes of proceeding" that we are to determine, whether, when and how a deposition may be taken, as provided for by this latter statute. The supreme court of the United States, in Nudd v. Burrows, 91 U. S. 426, held that these terms did not include the manner in which the judge, in the trial of a cause, should instruct the jury, or what papers should go to the jury, and the decision was reaffirmed in Railroad Co. v. Horst, 93 U. S. 291. In the recent case of Beardsley v. Littell [Case No. 1,185], decided in the United States circuit court, South-

ern district of New York, by Judges Johnson and Blatchford, it is said by the court: "It may well be doubted whether there is anything in this act which applies to the subject of the evidence of witnesses, either as to its character, competency or the mode of taking it." And in our own administration of the law we have always held that it did not embrace the mode of examination of witnesses upon the stand, and have ruled in accordance with the doctrine of Railroad Co. v. Stimpson, 14 Pet. [39 U. S.] 461, and Houghton v. Jones, 1 Wall. [68 U. S.] 702, that the cross-examination of a witness must be confined to the facts and circumstances stated in his direct examination, which is in direct opposition to the doctrine of the supreme court of this state, as announced in Legg v. Drake, 1 Ohio St. 286.

But suppose it be conceded that the provisions of the act of June 1st, 1872, by any construction, could be made to embrace the taking of depositions, and that by implication it repealed the former laws upon that question. Yet, after the passage of this act, congress, in 1873, revised and re-enacted the laws of the United States, and in section 5596 of the revised statutes it is provided what acts shall be in force on and after December 1st, 1873. This section provides, in terms, that all prior acts, "any portion of which is embraced in any section of said revision, are hereby repealed, and the section applicable thereto shall be in force in lieu thereof." Section 5595, says: "The foregoing seventy-three titles embrace the statutes of the United States, general and permanent in their nature, in force on the first day of December, 1873." Sections 863–865, then, are still in force; they are re-enacted by this act, if they had been previously repealed; and we have sections 863–865, and 914, all in force on the same subject, if section 914 applies to the manner of taking testimony. We have a statute which does not state, in terms, that all depositions shall be taken according to the state law, but which conforms the pleading, practice, and modes and forms of proceeding to that of the state; and another statute prescribing, in terms, the mode of taking depositions. Now, if section 914, standing alone, would apply to that, yet it must be construed as if sections 863–865 followed immediately after it, and it read, "except that depositions shall be taken in the manner following."

If this be not so, two provisions of law, enacted at the same time, one, the former act of congress re-enacted, providing specifically and definitely the mode of taking depositions, the other, the state law upon the subject, entirely different in its provisions, and which it is claimed by general terms, is made the law of the United States. Under such circumstances, we think the question clearly within the reason of the rule announced by Justice Bradley, in Connecticut Mut. Life Ins. Co. v. Schaefer, 94 U. S. 457, that "the laws of the state are only to be regarded as rules of decision in the courts of the United States

where the constitution, treaties, or statutes of the United States have not otherwise provided. When the latter speak, they are controlling; that is to say, on all subjects on which it is competent for them to speak. There can be no doubt that it is competent for congress to declare the rules of evidence which shall prevail in the courts of the United States, not affecting rights of property, and where congress has declared the rule, the state law is silent."

It is hardly necessary for me to refer to authorities upon the question as to the necessity of a strict conformity with the provisions of the statute in the taking of depositions; the reports are full of them. The latest utterance of the supreme court recognizing it is in the case of Shutte v. Thompson, 15 Wall. [81 U. S.] 159, though in that case it was held, and I think very properly, that the defendant had by his acts waived his right of exception.

The first reason assigned for suppressing the depositions in this case is, that the notice does not state the names of the witnesses whose depositions were to be taken, as required by the statute. But it was presented to the plaintiff's attorneys, and they indorsed their acceptance on it, and by so doing, I think, gave the opposite party the right to rely on the sufficiency of the notice, and this exception is waived. The second ground is, that the notice assigns no reason for taking the deposition. That is not required by the statute; so there is no foundation for their objection. Fourth, the deposition was not taken on the day named in the notice, and fifth, it nowhere appears that the witness was not, and is not now a resident of Cincinnati, etc. It is not necessary that it should appear in the deposition or the certificate that the party is not now a resident of Cincinnati; that might be made to appear on the trial of the cause. The deposition was not taken on the day named in the notice, and witnesses who testified simply that they knew nothing of the case were examined for four days to keep the notice alive until the real witness should appear. I have had occasion to remark before, that that was a practice not to be encouraged, but it is a general practice with the profession, and it is not for that alone that this deposition should be suppressed. The third ground of the motion is, that the officer who took the deposition does not in his certificate assign any reason for taking it, and that, I think, is fatal to the deposition. If the party had been present, and had cross-examined the witnesses, as in the case in 15 Wallace, and had been present at the time the certificate was made, it would have been within his power to suggest any change or alteration in the certificate; and if he had failed to do so, I should have held that, under that case, he had waived all his right to objections and exceptions. But the party was not present, and he was not really bound to attend four or five days continuously, while witnesses were being called who knew noth-

ing of the case, and he had no knowledge as to who the witness was whose deposition was really sought. I think, therefore, that this deposition must be suppressed. I have been referred to rule eight of this court, passed in 1855, which provides: "It having been the usage of this court to receive depositions taken on notice under the statute of the state, such usage is not abrogated by the rules adopted by this court." It has been the practice, since I have been on the bench, to receive depositions taken on notice under the statute of the state, and such will continue to be the usage of this court. If the party accept such a notice as this without objections, attend the taking of the depositions and cross-examine the witness and make no objections to the form of certificate at the time, he will be held to have waived his right of objection, and the depositions will be received.