147 U.S. 486
 13 S.Ct. 512
 37 L.Ed. 251
 In re HAWKINS.
 No. ____.
 January 30, 1893.
 
 1
 'Motion granted for the reason that the testimony taken on deposition in this court was available to libelant on the trial in the district court, witness and books being both present there; that it does not appear that he was prevented from presenting such testimony except by his own choice; that he was as well informed as to its materiality under the issues when he closed his case as he is now, and was expressly notified by respondent's motion to dismiss that the latter contended libelant's proof as to the amount of labor performed was insufficient.'
 
 
 2
 This motion is based upon the statement that the libelant was examined as a witness in the district court, and his counsel, the other witness, was present at the trial in the district court. The transcript of record shows that the district judge ordered the counsel to examine the books of the libelant out of court, or at least out of the presence of the district judge. The further proofs show that this was done, and with what result. Counsel for the libelant does not base his right to take these further proofs alone on this circumstance. He claims an absolute and unqualified right to examine any witnesses on this appeal, and without any leave of any court; and, in order that the libelant's position may be fully understood, a review is here presented of the laws governing admiralty trials on appeal.
 
 
 3
 By the judiciary act of 1789, c. 20, § 30, (1 St. at Large, p. 89,) it was provided: 'And in the trial of any cause of admiralty or maritime jurisdiction in a district court, the decree in which may be appealed from, if either party shall suggest to and satisfy the court that probably it will not be in his power to produce the witnesses there testifying before the circuit court should an appeal be had, and shall move that their testimony be taken down in writing, it shall be so done by the clerk of the court, and, if an appeal be had, such testimony may be used on the trial of the same, if it shall appear to the satisfaction of the court which shall try the appeal that the witnesses are then dead or gone out of the United States, or to a greater distance than as aforesaid from the place where the court is sitting, or that, by reason of age, sickness, bodily infirmity, or imprisonment they are unable to travel and appear at court; but not otherwise.'
 
 
 4
 It is clear from the above extract that in an appeal in admiralty the personal attendance of all the witnesses in the circuit court was required, and was not excused except under very special circumstances. Pursuant to the provisions of this statute, the supreme court made the rule now known as 'Rule 50' of its admiralty rules at December term, 1851, (see 13 How. vi.,) which reads as follows:
 
 
 5
 'When oral evidence shall be taken down by the clerk of the district court pursuant to the above-mentioned section of the act of congress, and shall be transmitted to the circuit court, the same may be used in evidence on the appeal, saving to each party the right to take the deposition of the same witnesses, or either of them, if he should so elect.'
 
 
 6
 The apparent conflict between this rule and the above act, which excused the attendance of the witnesses in the circuit court on an appeal in admiralty only under the very special circumstances mentioned, is reconciled by reference to the provisions of chapter 188 of the act of the 23d of August, 1842, § 6, (5 St. at Large, p. 518,) which conferred upon the supreme court power 'to prescribe and regulate and alter the forms of writs and other processes to be used in the district and circuit courts of the United States, and the forms and modes of framing and filing libels, bills, answers, and other proceedings and pleadings in suits at common law or in admiralty and equity pending in the said courts, and also the forms and modes of taking and obtaining evidence,' etc. Under this authority the supreme court, at December term, 1844, promulgated 46 admiralty rules, (see 3 How. iii.,) and rules 47 and 48, (originally 48 and 49,) at December term, 1850, (see 10 How. v.,) and rules 49 and 50, (originally 50 and 51,) at December term, 1851, (see 13 How. vi.) So the law and rule remained until the enactment of the United States Revised Statutes in 1872, when by section 861 it was provided:
 
 
 7
 'The mode of proof in trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided,' (i. e. having reference to examinations on commissions or de bene esse.)
 
 
 8
 Section 862: 'The mode of proof in causes of equity and of admiralty and maritime jurisdiction shall be according to rules now or hereafter prescribed by the supreme court, except as herein specially provided,' (i. e. proof by deposition or on commission.)
 
 
 9
 In the case of Blease v. Garlington, 92 U. S. 1, the supreme court held that the act of 1789, in relation to the oral examination of witnesses in open court under section 30, c. 20, was not expressly repealed until the adoption of the Revised Statutes, § 862. Such being the condition of the law, the supreme court, in December term, 1870, passed upon the case of The Mabey, 10 Wall. 419, in which Judge Nelson said:
 
 
 10
 'No excuse is shown in the papers on which the motion is founded why the witnesses named and proposed to be examined were not examined in some one of the courts below before the hearing there. * * * Page 420. Instead of taking proofs in the cause in the courts below, and there thoroughly trying it, much of the evidence could safely be omitted, relying on the new evidence in this court. There is no hardship upon the parties in guarding against the abuse with great care and strictness, as they have two opportunities to procure the attendance and examination of the witnesses before they come here on appeal: First, before the district court, and again before the circuit.'
 
 
 11
 The Mabey was again before the supreme court on an application for a commission to take the testimony of certain witnesses named, (13 Wall. 739;) and at page 741 Clifford, J., said: 'Commissions for such a purpose cannot be allowed, as of course, under the twelfth rule, as it would afford an inducement to parties to keep back their testimony in the subordinate courts, and the effect would be to convert this court into a court of original jurisdiction. Admonished to that effect by the prior decision of this court, the parties have filed with the present application an affidavit as a compliance with that requirement. Unsettled as the practice was prior to that decision, the parties are right in supposing that this court would entertain a second application in the same case.' The court thereupon shows that the party asking for the commission agreed that they would not introduce any testimony in the case, and that they did not introduce any in the district court, and did not appeal from the decree, and the motion was therefore denied.
 
 
 12
 AN ADMIRALTY APPEAL IS A NEW TRIAL.
 
 
 13
 The Charles Morgan, 115 U. S. 75, 5 Sup. Ct. Rep. 1172: 'In The Lucille, 19 Wall. 74, it was decided that an appeal in admiralty from the district to the circuit court has the effect to supersede and vacate the decree from which it was taken. A new trial completely and entirely new, with other testimony and other pleadings, if necessary, or if asked for, is contemplated; a trial in which the judgment of the court below is regarded as though it had never been rendered.' The Hesper, 122 U. S., 266, 7 Sup. Ct. Rep. 1177; Id., 18 Fed. Rep. 696. And so this court construed the jurisdiction given to it by the act of March 3, 1891, c. 517, (Supp. to Rev. St. 501.) Pettie v. Tow-Boat Co., 49 Fed. Rep. 468, 1 C. C. A. 314; The Havilah, 48 Fed. Rep. 684, 1 C. C. A. 77. See, also, The State of California, 49 Fed. Rep. 172, 1 C. C. A. 224.
 
 
 14
 In the Morning Star, 14 Red. Rep. 866, Judge Drummond says: 'The general rule is that when an appeal is taken from a decree in admiralty it suspends the decree of the district court, and the case proceeds de novo in the circuit court. The libelant is, as he was in the district court, the actor in the case. He still has the affirmative, and must make out the allegations of his libel, * * * It is also a matter of every-day practice for additional evidence to be taken on both sides in the circuit courts, and that testimony may entirely change the case as it stood before the district court.
 
 
 15
 It is true that one of the circuit judges of this circuit, in the case of The Saunders, 23 Fed. Rep. 303, suppressed the evidence of witnesses who had been examined in the district court, but it is obvious that in doing so he overlooked the provisions of the statutes above quoted, and of rule 50 of the admiralty rules of the supreme court.
 
 
 16
 In the case of The Stonington, 25 Fed. Rep. 622, Blatchford, J., (then a judge of the supreme court,) said: 'As to those two, [i. e. two witnesses examined in the district court,] the ruling in The Saunders must be applied so long as it stands unreversed by the supreme court.'
 
 
 17
 HOW AN ADMIRALTY SUIT IS TO BE TRIED.
 
 
 18
 By what is called the 'Short Practice Act,' chapter 21, 1789, (1 St. at Large, p. 93,) it was provided, (section 2:) 'And the forms and moded of proceedings in courts of equity and of admiralty and maritime jurisdiction shall be according to the course of the civil law.' By chapter 36 of 1792 (1 St. at Large, p. 276) it was provided, (section 2:) 'That the forms of writs, executions, and other process, except their style, and the forms and modes of proceedings in suits, * * * in those of equity and in those of admiralty and maritime jurisdiction [shall be] according to the principles, rules, and usages which belong to courts of equity and admiralty, respectively, as contradistinguished from courts of common law, subject, however, to such alterations and additions as the said courts, respectively, in their discretion, deem expedient, or to such regulations as the supreme court of the United States shall think proper, from time to time, by rule to prescribe to any circuit or district court concerning the same.'
 
 
 19
 This provision has been incorporated into section 913 of the Revised Statutes in this form: 'The forms of mesne processes, and the forms and modes of proceedings in suits of equity and admiralty and maritime jurisdiction in the circuit and district court, shall be according to the principles, rules, and usages which belong to courts of equity and admiralty, respectively, except when it is otherwise provided by statute.'
 
 
 20
 In The Francis Wright, 105 U. S. 384, the court was considering the constitutionality of the act of 1875, limiting the review in the supreme court to the law, and said: 'Undoubtedly, if congress should give an appeal in admiralty cases, and say no more, the facts, as well as the law, would be subject to review and retrial. * * * The constitution prohibits a retrial of facts in suits at common law where one trial has been had by a jury, (Amend. art. 7;) but in suits in equity or in admiralty congress is left free to make such exceptions and regulations in respect to retrials as on the whole may seem best.'
 
 
 21
 Has the act of March 3, 1891, which creates this court, repealed any of the provisions of the Revised Statutes, or given this court power to repeal them, or to change the practice in respect to the competency of witnesses and modes of giving evidence on admiralty appeals?
 
 
 22
 It is self-evident that a very substantial right has been taken from the suitor in an admiralty court (and for the purposes of the appeal in admiralty this court of appeals is an admiralty court) if he has been deprived of his right to examine his witnesses, and to have a trial de novo, completely de novo, on his appeal, because, as to certain of the witnesses whom he wishes to examine, they may happen to have been called by him, and examined as to some matters in the district court, or called by his adversary, and examined as to some matters in the district court.
 
 
 23
 By its ruling and decision in Insurance Co. v. The Venezuela, 52 Fed. Rep. 873, this court suppressed the depositions of Mr. Dallas, a witness called by the libelant Merritt in a suit brought by him against the Venezuela, to which suit the Insurance Company of North America was not, in any sense, a party, because the district judge had seen fit, in his discretion, to order those two suits to be tried together. The practice adopted turns an admiralty appeal into a motion for a new trial, and destroys the distincton between common law and admiralty, so pointedly made by the statute and recognized enforced by the decisions of the supreme court, (The Charles Morgan, 115 U. S. 75, 5 Sup. Ct. Rep. 1172,) and which is followed in all the other circuits, and which has existed since the act of 1789, and was then only a declaration of the law existing for ages. If this court should say that no colored person should be examined as a witness in an admiralty appeal, or that no person who had any interest in the event of the suit should be qualified as a witness, it would repeal section 858 of the Revised Statutes, and it would have just as much right to do so as to say that the libelant should not re-examine any witness he saw fit to on his appeal. It will be remembered that there is no provision of law for the taking down of testimony given orally in the district court, unless, under rule 50 of the supreme court rules, it shall be taken down by the clerk, for the reason stated in section 30, c. 20, of 1789. It will be remembered that an exception to the exclusion of evidence by the district judge is unavailing on an admiralty appeal, which is a new trial, and not a review of what the district judge did or ruled. Unless authority can be found in the act creating this court for doing so, it had no authority to make the admiralty rules promulgated by it to take effect July 1, 1892; and the only color of authority which can be found is section 2 of that act, in the words: 'Such courts shall prescribe the form and style of its seal, and the form of writs and other process and procedure, as may be conformable to the exercise of its jurisdiction as shall be conferred by law. * * * The court shall have power to establish all rules and regulations for the conduct of the business of the court within its jurisdiction as conferred by law.' Section 11: 'And all provisions of law now in force regulating the methods and system of review through appeals or writs of error shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the circuit court of appeals.'
 
 
 24
 Unless in the words "procedure' as may be conformable to the exercise of its jurisdiction' there lies hidden away a gift of power, this court is powerless to do what it has done, and before examining what is intended by the word 'procedure' it may be well to suggest that a repeal by implication is never favored and never admitted when the former can stand with the new act. Chew Heong v. U. S., 112 U. S. 536, 5 Sup. Ct. Rep. 255; Chicago, M. & St. P. Ry. Co. v. U. S., 127 U. S. 406, S. Sup. Ct. Rep. 1194.
 
 
 25
 What is included in the term 'procedure,' as used in the act of 1891?
 
 
 26
 In section 914 of the Revised Statutes, in which the practice, etc., in circuit and district courts in common-law actions is made to conform to the practice in the state courts, the words used are, 'the practice, pleadings, and forms and modes of proceeding.' The words 'practice' and 'forms and modes of proceeding,' as here used, would seem to be synonymous with 'procedure' as used in the act of 1891.
 
 
 27
 In Nudd v. Burrows, 91 U. S. 426, the reasons for and object of the provisions of section 914 are described as follows: 'The purpose of the provision is apparent upon its face. No analysis is necessary to reach it. It was to bring about uniformity in the law of procedure in the federal and state courts of the same locality.' The United States judge below commented on the evidence, and it was claimed that, as the state practice prohibited this, it was error to do so. The court said, (page 442:) 'The personal conduct and administration of the judge in the discharge of his separate functions is, in our judgment, neither practice, pleading, nor a form nor mode of proceeding, within the meaning of those terms as found in the context.'
 
 
 28
 In Beardsley v. Littell, 14 Blatchf. 102, Judge Blatchford decided that in an action at law in the federal court a defendant cannot before trial be examined as a witness for plaintiff out of court, although such examination is provided for by the statute of New York in suits in the courts of that state. He says at page 105: 'It may well be doubted whether there is anything in section 914 which applies to the subject of evidence of witnesses, either as to its character or competency or the mode of taking it. The expression, 'practice, pleadings, and forms and modes of proceeding,' is well satisfied without including in it the subject of evidence. At all events, it cannot be regarded as covering matters connected with the subject of the evidence of witnesses, which are regulated by specific provisions of law found in the same title of the same statute.'
 
 
 29
 In Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. Rep. 724, the supreme court held that, where the action had been commenced in the state court, and an order had been granted for examination before trial, and the examination commenced, pending which the suit was removed to the circuit court, the latter tribunal had no power to continue the examination. Mr. Justice Miller says, (page 720, 113 U. S., and page 727, 5 Sup. Ct. Rep.:) 'The case before us is eminently one of evidence and procedure. The object of the order is to procure evidence to be used on the trial of the case, and this object is effected by a proceeding peculiar to the courts of New York, resting alone on a statute of that state;' and the court reversed the order of the circuit court, which allowed the examination as justified by section 914,—as a 'mode of procedure.'
 
 
 30
 In Railroad Co. v. Horst, 93 U. S. 291, the court, reaffirming Nudd v. Burrows, held that the provisions of a state law requiring the jury to answer special interrogatories, in addition to their general verdict, are not within the intent and meaning of section 914, and also that a motion for a new trial is not a mere matter of proceeding or practice, and therefore not within the meaning of the section.
 
 
 31
 In re Chateaugay Ore & Iron Co., 12, U. S. 544, 553, 9 Sup. Ct. Rep. 150: 'We are of opinion that the practice and rules of the state court do not apply to proceedings in the circuit court, taken for the purpose of reviewing in this court a judgment of the circuit court, and that such rules and practice, embracing the preparation, perfecting, settling, and signing of a bill of exceptions are not within the 'practice, pleadings, and forms and modes of proceeding' in the circuit court, which are required by section 914 of the Revised Statutes to conform.' Page 554, 128 U. S., and page 153, 9 Sup. Ct. Rep. 'The object of section 914 was to assimilate the form and manner in which the parties should present their claims and defense in the preparation for the trial of suits in the federal courts to those prevailing in the courts of the state.'
 
 
 32
 Sage v. Tauszky, (U. S. Cir. Ct. Dist. Ohio, Dec. 1877,) 6 Cent. Law J. 7, held that section 914 has no application to the manner of taking depositions in federal courts. It was claimed that section 914 modified or repealed sections 863-865. Swing, J.: 'It is a settled rule of law that a more ancient statute will not be repealed by a more modern one unless the latter expressly negatives the former, or unless the provisions of the two statutes are manifestly repugnant.' 'It will be observed that this latter act does not, in terms, repeal the former acts upon this subject, nor does it in terms provide when, or the mode in which, a deposition shall be taken. It is only, therefore, by the construction which shall be given to the general terms 'practice, pleadings, and forms and modes of proceeding' that we are to determine whether, when, and how a deposition may be taken, as provided for by this latter statute.' 'The supreme court of the United States, in Nudd v. Burrows, 91 U. S. 426, held that these terms did not include the manner in which the judge, in the trial of a cause, should instruct the jury, or what papers should go to the jury; and the decision was reaffirmed in Railroad Co. v. Horst, 93 U. S. 291. In the recent case of Beardsley v. Littell, 4 Cent. Law J. 270, 14 Blatchf. 102, decided in the United States circuit court, southern district of New York, by Judges Johnson and Blatchford, it is said by the court:
 
 
 33
 'It may well be doubted whether there is anything in this act which applies to the subject of the evidence of witnesses, either as to its character, competency, or the method of taking it.' And in our own administration of the law we have always held that it did not embrace the mode of examination of witnesses upon the stand, and have ruled in accordance with the doctrine of Railroad Co. v. Stimpson, 14 Pet. 461, and Houghton v. Jones, 1 Wall. 702, that the cross-examination of a witness must be confined to the facts and circumstances stated in his direct examination, which is in direct opposition to the doctrine of the supreme court of this state as announced in Legg v. Drake, 1 Ohio St. 286.'
 
 
 34
 References to English authorities on admiralty procedure are always misleading unless the jealousy which prevented the expansion of the admiralty court, and strangled its jurisdiction and stunted its growth, and gave the common-law courts such complete power over it in England, is constantly borne in mind. Whatever may have been their practice in regard to examination of witnesses on appeal can have little bearing in determining what should be done in this country, where from 1798 to 1842 the right and necessity of calling the witnesses in a trial of an appeal in the circuit court was regulated by statute, and remained unaltered until rules 49 and 50 were adopted by the supreme court in 1851, and remains unaltered to-day, unless section 862 of the Revised Statutes and the rules of the supreme court are deemed repealed.
 
 
 35
 Lastly. Inasmuch as the appeal in the present case was taken in April, 1892, and the admiralty rules of this court were not promulgated until July, 1892, and this court had decided (Insurance Co. v. Venezuela) that such rules did not apply to appeals taken before they were promulgated, they have no application to the present case, and the motion should be denied.
 
 
 36
 Mandamus is the proper remedy. The circuit court of appeals suppressed depositions taken as 'further proofs' on an admiralty appeal. Their right to do so is denied. If they had no legal power to do it, and have exceeded their jurisdiction, the remedy by mandamus is proper, and the only one the petitioner can invoke.
 
 
 37
 In re Washington & G. R. Co., 140 U. S. 95, 11 Sup. Ct. Rep. 673, Blatchford, J.: 'The amount was, therefore, too small to be the subject of a writ of error from this court. The only relief which the railroad company could obtain in the premises was, therefore, by a writ of mandamus. A mandamus will lie to correct such an error [an entry of a decree, on a mandate of the supreme court, including interest where no interest had been given] where there is no other adequate remedy, and where there is no discretion to be exercised by the inferior court.'
 
 
 38
 This remedy was given to compel the allowance of an appeal in Ex parte Jordan, 94 U. S. 248; Ex parte Railroad Co., 95 U. S. 221.
 
 
 39
 In Virginia v. Rives, 100 U. S. 323, the court said: 'Section 688 of the Revised Statutes provides that the supreme court shall have power to issue * * * writs of mandamus in cases warranted by the principles and usages of law to any courts appointed under the authority of the United States. * * * Its use has been very much extended in modern times. Now it may be said to be an established remedy to oblige inferior courts and magistrates to do that justice which they are in duty, and by virtue of their office, bound to do. * * * One of its peculiar and more common uses is to restrain inferior courts, and to keep them within their lawful bounds.'
 
 
 40
 If the circuit court of appeals had refused to receive the depositions of the witnesses named because they were persons of color, the writ of mandamus would be the proper remedy to compel them to do so, and if the statute and the admiralty rules of this court, which are referred to in the printed brief annexed to the petition herein, have given the right to take further proofs in an admiralty appeal of any witnesses, the circuit court of appeals had no right to suppress such testimony because such witnesses had been examined in the district court.
 
 
 41
 As pointed out in that brief, there is no statutory method of recording the testimony of witnesses examined in the district court; and although in the southern district of New York the proctors usually agree to the employment of a stenographer and the taxation of the expense thereof, there is no power to compel them to do so.
 
 
 42
 When Judge Blatchford said in the case of The Stonington, 25 Fed. Rep. 622, (extracted from at page 5 of the brief submitted by the petitioner to the circuit court of appeals annexed to his petition,) that the ruling in The Saunders must be applied 'so long as it stands unreversed by the supreme court,' he gave a clear intimation to the circuit judges that such ruling was not proper, and a full opportunity to the circuit court of appeals was presented in this case to correct the errors of The Saunders.
 
 
 43
 With this brief is submitted a brief of the members of the admiralty bar practicing in the southern district of New York, and who, as amici curiae, favor a consideration of the matter involved in this petition, by this court.
 
 
 44
 The action of the circuit court of appeals seems to have been based on the theory that the trial of an appeal in admiralty is not a 'new' trial in the fullest sense of that word, but is some sort of a new trial, which is not a new trial for some purposes of the case. Such conclusion is in direct conflict with the decisions of this court in The Charles Morgan, 115 U. S. 75, 5 Sup. Ct. Rep. 1172, where, in interpreting the decision of the court in The Lucille, 19 Wall. 74, it said: 'In The Lucille it was decided that an appeal in admiralty is a new trial, completely and entirely new, with other testimony and other pleadings, if necessary, or if asked for, a trial in which the decision of the district court is regarded as though it had never been rendered.' Although in Pettie v. Towboat Co., 49 Fed. Rep. 468, 1 C. C. A. 314, in speaking of the trial of an admiralty appeal, the circuit court of appeals for the second circuit says: 'We are not reviewing, as an appellate court, a question of discretion, but are hearing an appeal which is a new trial,'—yet they have shown their tendency and disposition to treat the admiralty appeal as a motion for a new trial, and have given weight and virtue to the views of the district judge on the trial in the district court as if they were reviewing, and not retrying, the case, especially so in the consideration they have given to the opinion the district judge has expressed as to the credibility of the witnesses who happened to appear before him.
 
 
 45
 In The Express, (not yet officially reported, decided by the United States circuit court of appeals for the second circuit on the 4th day of October, 1892,) 52 Fed. Rep. 890, Wallace, J., says: 'Nevertheless, the learned district judge before whom the cause was tried in the court below found in substance,' etc. His conclusions in these particulars cannot safely be disturbed by this court, as they involve doubtful questions of fact upon which the testimony is quite conflicting, and depending upon the credibility of the witnesses who were examined in his presence.'
 
 
 46
 This court, in The Ariadne, 13 Wall, 479, (while it exercised a full appellate jurisdiction in admiralty appeals, and there was a retrial of the case before it,) reversed both the district and circuit courts on the facts, and said: 'The right of appeal to this court is a substantial right, and not a shadow. It involves examination, thought, and judgment. Where our convictions are clear, and differ from those of the learned judges below, we may not abdicate the performance of the duty which the law imposes upon us by declining to give our own judicial effect.'
 
 
 47
 The circuit court judges have followed a line of authorities originating in, and confined, with a single exception, (The Gov. F. T. Nicholls, 44 Fed. Rep. 303,) to, the second circuit; and, before referring to them, counsel desires to state this proposition: In the state of New York, by statute, a second trial in an action of ejectment is a matter of right. Code Proc. N. Y. § 1525. On appeal from a justice's judgment a new trial is also a matter of right. Code, § 3068.
 
 
 48
 If witnesses who were examined on the first trial happen to be dead, their testimony is competent on the second trial. N. Y. Code Proc. § 830.
 
 
 49
 Would it be sound law for a judge trying an ejectment suit for the second time, or an appeal from a justice's judgment, to allow proof of what the verdict was on the first trial, and then to instruct the jury that, the first jury having seen the witnesses, and believed or disbelieved those who are dead, whose testimony is read to the second jury, they must, as matter of law, or may, as matter of discretion, give weight to that circumstance in finding their verdict on the second trial? If such proposition of law is sound, then the circuit court of appeals and the circuit judges of the second circuit have administered sound law. If it is not, plainly they have erred; and, in considering this question, the circumstances that while the law gives the right of an admiralty appeal, and (down to the adoption of rule 49 of the admiralty rule of this court in 1851) required the production of all the witnesses in court on the trial of such appeal, that rule which deprived the parties of the privilege of producing their witnesses before the appellate court, and required their depositions to be taken instead, does not add any such penalty as has been imposed by the circuit judges. The origin of the position taken by the circuit judges seems to have been the case of Morse v. Coal Co., 36 Fed. Rep. 832. This was a decision made by Hon. E. Henry Lacombe very shortly after his appointment to the circuit bench, (to which he came from the position of corporation counsel of the city of New York, without any experience in admiralty practice,) and was followed by the decision of the same judge in the case of The William H. Vanderbilt, 37 Fed. Rep. 117, a doctrine again followed in the case of The Thomas Melville, Id. 272, by the same judge, and again adopted by him in the case of The Sammie, Id. 908, and same doctrine was again followed by the same judge in The Excelsior, 40 Fed. Rep. 271. In The Saratoga, 40 Fed. Rep. 509, Judge Wallace also adopted the same principle. In the case of The Ludvig Holberg, 43 Fed. Rep. 117, Judge Lacombe went to the extreme length of saying that because some of the witnesses had been seen by the district judge, he would affirm his decree. He says: 'Some of the witnesses who testified on this branch of the case were examined by the district judge. His decision, therefore, is affirmed.'
 
 
 50
 It is apparent that the circuit court of appeals in the second circuit is straying far away from the principles of the admiralty and maritime jurisdiction in reference to the trial of admiralty appeals, and the present case presents a favorable opportunity for this court to correct their errors.
 
 
 51
 BRIEF OF AMICI CURIAE ON PETITION FOR MANDAMUS.
 
 
 52
 The undersigned, advocates in admiralty, practicing as such in the second circuit, appear as amici curiae in the above proceeding, and respectfully show to this court:
 
 
 53
 That from the foundation of the judicial system of the United States until within a few years back, under the practice on appeal in admiralty cases from the district to the circuit courts, the appellant had the right to take new testimony to be used on his appeal, when he had in his petition of appeal stated that he desired to have his appeal heard on new evidence. That such right to take new testimony on appeal was according to the ancient practice of the admiralty, and was recognized by the supreme court, which made rules regulating the mode in which such new testimony should be taken, which rules have never been repealed by the supreme court. That the statute creating the new circuit court of appeals merely provided for a review of decrees of the district court by appeal, which, of course, in admiralty cases, must be an admiralty appeal, which has always been held to be a new trial.
 
 
 54
 That the circuit court of appeals in the second circuit soon after its organization appointed a committee of the bar to propose rules for the practice of the court in admiralty cases; and that the said committee recommended the court for adoption, among others, rules governing the practice to be followed in taking such new testimony, which rules were as follows:
 
 
 55
 Rule 1: 'If the appellant desires to make new pleadings or take new evidence on the appeal, his notice of appeal must so state. If the notice does not so state, the appeal shall be heard on the pleadings and evidence in the district court, unless the appellate court on motion otherwise order.'
 
 
 56
 (This rule is, in substance, rule 119 of the circuit court rules of said district. See The Montana, 22 Fed. Rep. 732.)
 
 
 57
 Rule 9: 'The appellee may move this court, if he have cause therefor, that new allegations or proofs should not be offered or new relief prayed on the appeal. But such motion must be made within ten days after the service of the pleadings in this court or after notice of the new proofs proposed.'
 
 
 58
 (This rule was, in substance, rule 130 of the circuit court rules of this district.)
 
 
 59
 Rule 10: 'Additional testimony on appeal may be taken by the appellant at any time within thirty days after the apostles are filed, and the appellee may take his proof within twenty days after the appellant's new proofs are so taken. This period may be extended by consent of parties, or by a judge of the court upon motion.'
 
 
 60
 That the said circuit court of appeals did not adopt the rules so recommended, but instead thereof adopted the following rules:
 
 
 61
 'Rule 1. The appeal shall be heard on the pleadings and evidence in the district court unless the appellate court on motion otherwise order.'
 
 
 62
 'Rule 7. Upon sufficient cause shown, this court, or any judge thereof, may allow either appellant or appellee to make new allegations or pray different relief, or interpose a new defense or take new proofs. Application for such leave must be made within fifteen days after the filing of the apostles, and upon at least four days' notice to the adverse party.
 
 
 63
 'Rule 8. If leave be given to take new testimony, the same may be taken and filed within thirty days after the entry of the order granting such leave, and the adverse party may take and file counter testimony within twenty days after such filing.'
 
 
 64
 That the effect of these rules is that the right to take new testimony of appeal, which the parties to an admiralty suit have always had, has been taken away, and for it has been substituted a right to apply to a judge of the circuit court of appeals for permission to take new testimony, which he may grant or refuse, at his discretion.
 
 
 65
 That in the case of Hawkins v. The Lurline the circuit court of appeals has ordered certain depositions which had been taken to be used on the trial of the appeal to be suppressed.
 
 
 66
 That the undersigned have read the brief of the advocate for the appellee in answer to the motion made to suppress such depositions, and that said brief seems to them to show that the right of the benefit of new testimony on the trial of an appeal in admiralty has been given by statute and the rules of the supreme court.
 
 
 67
 That, if such statutory right existed, it does not seem to be within the proper scope of the power of the circuit court of appeals to take it away by a rule governing its own practice.
 
 
 68
 We therefore request that the supreme court will examine into the question, and will determine whether, in admiralty appeals, the parties have the right to offer upon the trial of the appeal such evidence (whether new evidence or evidence taken in the district court) as they shall see fit, or whether the taking of new evidence is a mere privilege, to be granted or not by the judge of the circuit court of appeals, in his discretion.
 
 
 69
 And that the supreme court, if it shall determine that the parties have such a right, may take such measures, by a mandamus or otherwise, as shall secure such right.
 
 
 70
 Respectfully submitted,
 
 
 71
 Robert D. Benedict,
 
 
 72
 of Benedict & Benedict,
 
 
 73
 Wilhelmus Mynderse,
 
 
 74
 of the firm of Butler, Stillman & Hubbard, 54 Wall St., New York.
 
 
 75
 Geo. Bethune Adams,
 
 
 76
 of Wilcox, Adams & Green, 69 Wall St., New York.
 
 
 77
 Wm. W. Goodrich,
 
 
 78
 of Goodrich, Deady & Goodrich
 
 
 79
 Joseph F. Mosher,
 
 
 80
 of Carpenter & Mosher, 62 Wall St., N. Y.
 
 
 81
 Everett P. Wheeler,
 
 
 82
 of Wheeler, Cortis & Godkin.
 
 
 83
 Harrington Putnam,
 
 
 84
 of the firm of Wing, Shoudy & Putnam.
 
 
 85
 Sidney Chubb,
 
 
 86
 Henry Galbraith Ward,
 
 
 87
 of Robinson, Biddle & Ward.
 
 
 88
 William D. Guthrie,
 
 
 89
 of Seward, Guthrie & Morawetz.
 
 
 90
 David Willcox,
 
 
 91
 of Bristow, Peet & Opdyke.
 
 
 92
 Frank D. Sturges,
 
 
 93
 of the firm of Owen, Gray & Sturges.
 
 
 94
 Wm. G. Choate,
 
 
 95
 of the firm of Shipman, Larocque & Choate,
 
 
 96
 Wm. D. Shipman,
 
 
 97
 of Shipman, Larocque & Choate.
 
 
 98
 Wm. G. Wilson,
 
 
 99
 of Wilson & Wallis.
 
 
 100
 Henry T. Wing,
 
 
 101
 of Wing, Shoudy & Putnam.
 
 
 102
 J. Langdon Ward,
 
 
 103
 of North, Ward & Wagstaff.
 
 
 104
 Mark Ash,
 
 
 105
 of Alexander & Ash.
 
 
 106
 James J. Macklin,
 
 
 107
 of Stewart & Macklin.
 
 
 108
 F. R. Coudert,
 
 
 109
 of Coudert Brothers.
 
 
 110
 Treadwell Cleveland,
 
 
 111
 of Evarts, Choate & Beaman.
 
 
 112
 Lorenzo Ullo,
 
 
 113
 of Ullo, Ruebsamen & Cochran.
 
 
 114
 Lewis Cass Ledyard,
 
 
 115
 of Carter & Ledyard.
 
 
 116
 Wm. Allen Butler,
 
 
 117
 of Butler, Stillman & Hubbard.
 
 
 118
 The order made by the judges of the circuit court of appeals, suppressing the further proofs, was a judicial act within the scope of their jurisdiction and discretion, and a mandamus is not the proper remedy to review their decision.
 
 
 119
 Ex parte Whitney, 13 Pet. 404, was a case where a bill in equity was pending in the circuit court of Louisiana, and the judge of such court had disregarded the rules of the circuit court of the United States in cases in chancery prescribed and ordered by the supreme court of the United States, and had ordered the proceedings to be in conformity with the rules of the courts of Louisiana. By such determination of said judge the proceeding on the bill in equity was suspended and prevented. The complainant then made this application for a mandamus to the circuit court to compel the court to proceed in the cause according to the rules of practice prescribed to the courts of equity of the United States, etc. Mr. Justice Story, rendering the opinion, said, at page 408: 'That it is the duty of the circuit court to proceed in this suit according to the rules prescribed by the supreme court for proceedings in equity causes * * * can admit of no doubt. That the proceedings of the district judge, and the orders made by him in the cause which are complained of, are not in conformity with those rules and with chancery practice, can admit of as little doubt. But the question before us is not as to the regularity and propriety of those proceedings, but whether the case before us is one in which a mandamus ought to issue; and we are of the opinion that it is not such a case. The district judge is proceeding in the cause, however irregular that proceeding may be deemed; and the appropriate redress, if any, is to be obtained by an appeal after the final decree shall be had in the cause. A writ of mandamus is not the proper remedy for any orders which may be made in a cause by a judge in the exercise of his authority, although they may seem to bear harshly or oppressively upon the party.'
 
 
 120
 In Ex parte Burtis, 103 U. S. 238, Mr. Chief Justice Waite, in rendering the opinion of the court, said: 'This is a petition for a mandamus requiring the district judge for the eastern district of New York to compel one Eliza M. Shepherd to obey the command of a subpoena duces tecum. * * * From the petition it appears that the judge has already acted on the identical showing made to us, and for reasons assigned in writing denied a motion for an attachment against the person named for refusing to obey the subpoena. A writ of mandamus may be used to compel an inferior tribunal to act on a matter within its jurisdiction, but not to control its discretion while acting, (Ex parte Railway Co., 101 U. S. 711,) nor reverse its decisions when made, (Ex parte Flippen, 94 U. S. 348.) Both these rules are elementary, and are fatal to this application. The district judge took jurisdiction of the matter, as it was his duty to do, heard the parties, and decided adversely to the claim of the petitioner. In this he may have done wrong, and the reasons he has assigned may not be such as will bear the test of judicial criticism; but we cannot by mandamus compel him to undo what he has thus done in the exercise of his legitimate jurisdiction. He was asked to punish a person for contempt in disobeying the process of the court. He decided not to do so. This action of his is beyond the reach of a writ of mandamus.'
 
 
 121
 Ex parte Schwab, 98 U. S. 240, was a case where the circuit court, after due notice, had granted a preliminary injunction from prosecuting an action pending in a state court, and an application was made for an order to show cause why a mandamus should not issue, commanding and enjoining the district court for the eastern district of Michigan to vacate and set aside such injunction. Mr. Chief Justice Waite, in rendering the opinion, said, at page 241: 'Mandamus cannot be issued to perform the office of an appeal or writ of error. Ex parte Loring, 94 U. S. 418; Ex parte Flippen, Id. 350. The circuit court had jurisdiction of the action and of the parties for the purpose of trying the title of the assignee to the goods. The injunction was granted in the course of the administration of the cause. * * * When the application was made for the allowance of the injunction it became the duty of the court to determine whether the case was one in which that power could be exercised. The question arose in the regular progress of the cause, and, if decided wrong, an error was committed, which, like other errors, may be corrected on appeal after final decree below. * * * Being satisfied by the petitioner's own showing that the error, if any, in the court below cannot be corrected by mandamus, we deny the motion for an order to show cause.' Ex parte Taylor, 14 How. 3; Ex parte Many, Id. 24; U. S. v. Lawrence, 3 Dall. 42; Insurance Co. v. Wilson's Heirs, 8 Pet. 291; Ex parte Hoyt, 13 Pet. 279; Ex parte Whitney, Id. 404; Ex parte Newman, 14 Wall. 152.
 
 
 122
 Ex parte Morgan, 114 U. S. 174, 5 Sup. Ct. Rep. 825, was a case where the plaintiff in the suit below, believing that the judgment as recorded did not conform to the findings, moved the court to amend it in that particular. The court heard and denied the motion. An application for a mandamus was then made to require the judges of the court to amend the judgment so as to conform to the complaint in said cause and to the findings or verdict of the court rendered upon the trial of said cause. Mr. Chief Justice Waite, in rendering the opinion, said at page 175, 114 U. S., and page 825, 5 Sup. Ct. Rep.: 'It is an elementary rule that a writ of mandamus may be used to require an inferior court to decide a matter within its jurisdiction and pending before it for judicial determination, but not to control the decision. Ex parte Flippen, 94 U. S. 350, Ex parte Railway Co., 101 U. S. 720; Ex parte Burtis, 103 U. S. 238. Here a judgment has been rendered and entered of record by the circuit court in a suit within its jurisdiction. The judgment is the act of the court. It is recorded ordinarily by the clerk as the ministerial officer of the court, but his recording is in legal effect the act of the court, and subject to its judicial control. The clerk records the judgments of the court, but does not thereby render the judgments. If there is error in the judgment as rendered, it cannot be corrected by mandamus, but resort must be had to a writ of error or an appeal. Ex parte Loring, 94 U. S. 418; Ex parte Perry, 102 U. S. 183. * * * Here the plaintiffs, believing that the judgment as recorded did not conform to the finding, moved the court to amend it in that particular.
 
 
 123
 This motion the court entertained, but, being of the opinion that the judgment had been correctly recorded, refused the amendment which was asked. In this the court acted judicially, and its judgment on the motion can no more be reviewed by mandamus than that which was originally entered in the cause.' See, also, Ex parte Parker, 120 U. S. 737, 7 Sup. Ct. Rep. 767; In re Sherman, 124 U. S. 364, 8 Sup. Ct. Rep. 505; In re Burdett, 127 U. S. 771, 8 Sup. Ct. Rep. 1394; Ex parte Secombe, 19 How. 9; In re Washington & G. R. Co., 140 U. S. 91, 11 Sup. Ct. Rep. 673; High, Extr. Rem. § 156; Shortt, Inform. § 295, wherein are cited: Ex parte Smyth, 3 Adol. & E. 722; Ex parte Morgan, 2 Chit. 250; Rex v. Monmouthshire, 7 Dowl. & R. 334, 4 Barn. & C. 844; Rex v. West Riding, 1 Adol. & E. 563; cf. Reg. v. Manor of Old Hall, 10 Adol. & E. 248; cf. Rex v. West Riding, 7 Term R. 467. See, also, Reg. v. Lords Commissioners of the Treasury, 10 Adol. & E. 179, 374; Reg. v. Manor of Old Hall, Id. 248.
 
 
 124
 The further proofs or depositions of the witnesses taken by the appellee were properly suppressed.
 
 
 125
 It appears by the affidavits in opposition to this motion for a mandamus that no further proof was or has been taken on behalf of the appellant to be used on his appeal. It also appears by the record and affidavits submitted herewith that one of the parties whose deposition was taken as further proofs on appeal herein was the libelant in the action brought in the district court, and that he was examined at length at the trial, and cross-examined, and that he was also recalled and examined again on his own behalf. It also appears that the claimant made motions to dismiss the libel at the close of the trial on the ground that there was no competent proof of the amount of the services rendered and materials furnished as claimed in the libel. That during the trial the claimant made the same objections thereto, and that the libelant was fully advised at the trial of the action of the position which claimant took. It also appears that the learned counsel for the petitioner in this application, who was also proctor and counsel for the libelant at the trial in the district court, was present at such trial, and his deposition, which was taken as further proofs herein, was simply for the purpose of changing the printed record as made to circuit court of appeals. It also appears by the second and opposing affidavit that this testimony should have and could have been offered below as to all the matters which were attempted to be introduced in such further proofs, and nothing but gross carelessness or ignorance could have caused the omission of such. It will also appear that an attempt was made by claimant to dismiss the appellant's appeal on the ground of nonprinting of papers, and after the cause had been ordered on the calendar upon such motion, and set down for argument, and also after the printed record of appeal had been served upon the libelant's counsel, and after the brief of claimant's counsel had been served upon him. That it was not until after all this was done that an attempt was made on petitioner's behalf to take further proofs. In view of these facts, we most respectfully submit that the learned judges of the circuit court of appeals most properly granted the application to suppress the testimony.
 
 
 126
 We think it hardly necessary to cite any authorities upon this case beyond the very able and elaborate opinion of Mr. Justice Wallace in the case of Insurance Co. v. The Venezuela, 52 Fed. Rep. 873. The following are to the same effect:
 
 
 127
 The Saunders, (Cir. Ct. S. D. N. Y. 1885, opinion per Wallace, J.,) 23 Fed. Rep. 303, was a case where the appellee moved to suppress the depositions of witnesses taken by appellant in the circuit (appellate) court on the ground that the witnesses were present at the hearing below at the instance of appellant, but were not then examined. It was insisted that the party should not be allowed to produce upon appeal testimony which he had deliberately withheld in the court below. Wallace, J., says: 'Although appellate courts in admiralty treat an appeal as a new trial, and exercise great liberality in permitting new proofs and new pleadings in furtherance of justice, they are not constrained by any arbitrary rules which require them to receive testimony which ought to have been produced, but was not produced, in the court of original jurisdiction.'
 
 
 128
 Citing The Mabey, 10 Wall. 419; Id., 13 Wall. 738; The Boston, 1 Sumn. 331; Coffin v. Jenkins, 3 Story, 120; Taylor v. Harwood, 1 Taney, 438; Farrell v. Campbell, 7 Blatchf. 158.
 
 
 129
 The Stonington and The Wm. H. Payne, (Cir. Ct. E. D. N. Y. 1885, per Blatchford, J.,) 25 Fed. Rep. 621, was a case where at the trial libelant produced two witnesses. The claimants put in no testimony. Decree for libelant. Claimants appeal from decree, their petition stating that they seek a new decision on proofs formerly offered, and on other proofs to be introduced in the circuit court, etc. Each claimant had the deposition of certain witnesses taken on the appeal. Before their examination was begun the libelant entered on the record an objection to the taking of any testimony on the part of claimants, on the ground that they had taken no testimony in the court below, although these same witnesses were then present or procurable. It appeared from the record that two of these witnesses and been present at the trial in the district court. Their depositions were excluded, on the authority of The Saunders, 23 Fed. Rep. 303. Nothing was shown as to whether the other witnesses examined had been present at the trial or not. The depositions of these witnesses were admitted.
 
 
 130
 In the Mabey, 10 Wall. 419, claimant appealed from decree for libelant, and moved before the supreme court for a commission to take further evidence to be used in the court on the hearing. His moving affidavits set forth that certain witnesses were material and necessary ones, without whom the appellant could not safely proceed to trial, as he was advised by counsel, etc. The court denied the motion, saying that some satisfactory excuse should have been shown for failure to examine witnesses in the court below; such as that the evidence was discovered when too late to procure their examination, or that the witnesses had been subpoenaed and failed to appear, and could not be reached by attachment, etc. See, also, 13 Wall. 738.
 
 
 131
 Singlehurst v. La Compagnie Generale Transatlantique, 50 Fed. Rep. 104, 1 C. C. A. 487, is the latest decision on this subject by the circuit court of appeals, having been decided January 18, 1892. Mr. Justice Lacombe, writing the opinion, says: 'This is a motion to suppress certain testimony taken in this court by the libelant and appellants in an admiralty suit, after appeal from the district court under the forty-ninth rule in admiralty. All of the witnesses whose testimony is the subject of this motion were accessible to the appellants, and could have been called by them, at the trial in the district court. They are the counsel for the appellee; two of the clerks in the office of the appellee; two persons in the employ of appellants, who were present at the trial; the agent of the appellant, who was also present at the trial; and the chief engineer of the appellee's steamer, who was examined at the trial. Another item of testimony is a protest made by the master of the said steamer, a copy of which was in the hands of proctor and counsel of the libelant before the trial in the district court. It is conceded that up to the time this motion was argued no reason was shown, or attempted to be shown, either on the record or otherwise, why these supposed matters of evidence were not produced at the trial in the court below. No new allegations or amendments have been made in the pleadings. Appellate courts in admiralty treat an appeal as a new trial, in which new pleadings and new proofs are permitted in furtherance of justice. But it is not a matter of course to allow parties who have withheld evidence available to them in the district court to present such evidence on appeal. Such was declared to be the law of this circuit in The Saunders, 23 Fed. Rep. 303, and The Stonington and The Wm. H. Payne, 25 Fed. Rep. 621. It is unnecessary to add anything to the discussion of this question in the case of The Saunders. The decision therein seems to be in entire accord with the authorities, and, when objection is raised, the party offering the new evidence should show some good reason, if any, why it was not produced before.'
 
 
 132
 It was within the proper scope of the power of the circuit court of appeals to make the rules promulgated to take effect July 1, 1892, so far as they affect the procedure in taking new proofs on appeal in admiralty cases.
 
 
 133
 The learned counsel for the petitioner, as will appear by his brief, in support of petition for mandamus, on page 5, has thought it necessary to criticise the judicial decision and determination of one of the learned judges of the circuit court of appeals, a lawyer who has occupied one of the most important legal positions in the city of New York, and who, as a lawyer and as corporation counsel, and as a judge of the circuit court and of the circuit court of appeals of the United States, has always sustained the highest respect, esteem, and approval of the whole bar of the city of New York. Though the application is primarily made for a mandamus to reverse a certain order suppressing testimony, and which, of course, would only affect the respondent in this case, the learned counsel for petitioner has gone intentionally out of his way in this application, not only to assail the rules passed by the circuit court of appeals, but to assail personally the honorable judges or a judge thereof. It is for this reason that we have entered into a discussion of this point, and for this reason alone, as we believe that the consideration of the legality of the rules of the circuit court of appeals are not involved in this application. This last fact is admitted by the learned counsel for the libelant in this motion, as he claims such rules have no application to this case.
 
 
 134
 Section 917 of the Revised Statutes of the United States provides as follow: 'The supreme court shall have power to prescribe, from time to time, and in any manner not inconsistent with any law of the United States, the forms of writ and other process, the modes of framing and filing proceedings and pleadings, of taking and obtaining evidence, of obtaining discoveries, of proceeding to obtain relief, of drawing up, entering, and enrolling decrees, and of proceeding before trustees appointed by the court, and generally to regulate the whole practice to be used in suits in equity or admiralty by the circuit and district courts.'
 
 
 135
 Section 918 of the Revised Statutes of the United States provides as follows: 'The several circuit and district courts may, from time to time, and in any manner not inconsistent with any law of the United States, or with any rule prescribed by the supreme court under the preceding section, make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice, and the prevention of delays in proceedings.'
 
 
 136
 Section 862 of the Revised Statutes of the United States provides as follows: 'The mode of proof in causes of equity and of admiralty and maritime jurisdiction shall be according to rules now or hereafter prescribed by the supreme court, except as herein specially provided.'
 
 
 137
 The petitioner, and also the learned amici curae, who have thought fit to submit the brief on the petitioner's application herein in regard to the rules which the circuit court of appeals for the second circuit have adopted, (though these rules are not in any wise involved in the application before this court,) have taken the position that the taking of further proof or testimony on an appeal from the district court to the circuit court, or from the district court to the circuit court of appeals, as is now provided in admiralty cases, was a right to which they were entitled as a matter of course, and that the testimony of any witnesses, and of whatever nature, might be taken, and that, having been so taken, it must be received and accepted in evidence by the court on such appeal, and that there was no discretionary power in the appellate court as to what the nature of this further testimony should be, or what witnesses should be examined.
 
 
 138
 The learned counsel for the petitioner herein virtually admits that a long line of decisions of the circuit court and of the circuit court of appeals since it has been organized and of the supreme court of the United States, (upon whose rules the circuit court of appeals are modeled,) have been entirely erroneous, and that the judges of such courts have erred from the mysterious and somewhat undefined rule of practice or procedure in the admiralty courts, and have somewhat revolutionized them, and conformed them to the present age and progress of civilization. Though the learned counsel has submitted a brief in which the leading members of the admiralty bar of the second circuit have joined, any authority or law showing that the right to take further proof or testimony on an appeal from the district court to the circuit court, or from the district court to the circuit court of appeals, is a matter of right in any and all cases. The right to take such further proof or testimony in such an appeal is not granted by the Revised Statutes of the United States; neither is it granted by the supreme court in the rules prescribed by it for admiralty cases.
 
 
 139
 Section 913 of the Revised Statutes of the United States prescribes as follows: 'The form of mesne process, and the forms and modes of proceeding in suits of equity and of admiralty and maritime jurisdiction in the circuit court and district courts, shall be according to the principles, rules, and usages which belongs to courts of equity and of admiralty, respectively, except when it is otherwise provided by statute, or by rules of court made in pursuance thereof; but the same shall be subject to alteration and addition by the said courts, respectively, and to regulation by the supreme court, by rules prescribed, from time to time, to any circuit or district court, not inconsistent with the laws of the United States.'
 
 
 140
 Section 698 of the Revised Statutes of the United States provides, upon appeals to the supreme court, that in admiralty and prize cases new evidence may be received.
 
 
 141
 Subdivision 2 of rule 12 of the supreme court provides as follows, (3 Sup. Ct. Rep. ix.:) 'In all cases of admiralty and maritime jurisdiction, where new evidence shall be admissible in this court, the evidence or testimony of witnesses shall be taken under a commission to be issued from this court, or from any circuit court of the United States, under the direction of any judge thereof; and no such commission shall issue but upon interrogatories to be filed by the party applying for the commission and notice to the opposite party or his agent or attorney, accompanied with a copy of the interrogatories so filed, to file cross interrogatories within 20 days from the service of such notice: provided, however, that nothing in this rule shall prevent any party from giving oral testimony in open court in cases where, by law, it is admissible.'
 
 
 142
 Rule 49 of the rules of practice for the courts of the United States in admiralty and maritime jurisdiction on the instance side of the court in pursuance of the act of the 23d of August, 1842, c. 188, provides as follows: 'Further proof taken in a circuit court upon an admiralty appeal shall be by deposition taken before some commissioner appointed by a circuit court, pursuant to the acts of congress in that behalf, or before some officer authorized to take depositions by the thirtieth section of the act of congress of the 24th of September, 1789, upon an oral examination and cross-examination, unless the court in which such appeal shall be pending, or one of the judges thereof, shall, upon motion, allow a commission to issue to take such depositions upon written interrogatories and cross interrogatories. When such deposition shall be taken by oral examination, a notification from the magistrate before whom it is to be taken, or from the clerk of the court in which such appeal shall be pending, to the adverse party to be present at the taking of the same, and to put interrogatories, if he think fit, shall be served on the adverse party or his attorney, allowing time for their attendance after being notified, not less than twenty-four hours, and, in addition thereto, one day, Sundays exclusive, for every twenty miles travel: provided, that the court in which such appeal may be pending, or either of the judges thereof, may, upon motion, increase or diminish the length of notice above required.'
 
 
 143
 By a careful reading of the foregoing citations it will appear that the only statutory authority for allowing new evidence to be received on appeal as a matter of right is that conferred by section 698 of the Revised Statutes, which refers only to the supreme court of the United States. Rule 12 of the supreme court simply applies to that court, and provides that in all cases of admiralty jurisdiction, where new evidence shall be admissible, it shall be taken in the manner prescribed by such rule. Rule 49 of the admiralty rules of the supreme court simply provides that further proofs taken in the circuit court upon an admiralty appeal shall be taken in the manner therein prescribed; that is to say, such further proofs as shall be admissible. By reference to section 913 of the Revised Statutes of the United States it appears that a provision is made for proceedings in admiralty where other provision is not made by statutes or by rule of court, and that by such section it is provided that the principal (rules) and usages which belong to courts of admiralty shall govern where no other provision is made.
 
 
 144
 It thus appears that the only authority for taking this further proof on appeal from the district court to the circuit court or to the circuit court of appeals is based upon the former principles, rules, and usages of admiralty. Mr. Justice Story in the case of The Boston, in 1 Sumn. p. 328, says, at page 331: 'For it is the well-known usage of admiralty courts, even after an appeal, in fit cases, in their discretion, to allow either party to file new allegations and proofs; 'non allegata allegare et non probata probare.' There is a restriction too often forgotten in practice,—'modo non obster publicatio testium,'—the effect of which is to exclude new testimony to the old articles, where any has been already offered, and to confine it to the new articles, or to those of which no proof was formerly given. This restriction is founded upon the same principles as the chancery practice not to admit, after the publication of the testimony, any new proofs, and was probably derived from a common source,—the civil law.' Citing 1 Browne, Civ. & Adm. Law, p. 449; 2 Browne, Civ. & Adm. Law, p. 436.
 
 
 145
 In 1 Browne, Civ. & Adm. Law, the following appears: 'It remains to be observed that the proceedings in causes of appeals from grievances are similar to those in appeals from definitive sentence, as to contestation of suit, conclusion, and other judiciary and ordinary acts, and, if the principal or original cause be plenary or summary, so will also be the cause of appeal, save only that all the proceedings before the court of delegates are summary. There is, however, one remarkable exception to this similarity of proceedings in appeals from gravamina and from definitive sentence, which is that in the former the party is not allowed 'non allegata allegare' and 'non probata probare.' This rule is the converse of that followed on appeals to the house of lords, and Mr. Justice Blackstone has observed that it is a practice unknown to our law, (though constantly followed in the spiritual courts,) when a superior court is reviewing the sentence of an inferior, to examine the justice of the former decree by evidence never produced below. This remarkable rule that in appeals from definitive sentence either party may, 'non allegata allegare' and 'non probata probare,' is found in the Code, lib. 7, tit. 63, 4, and in the Clementines, lib. 2, tit. 8, c. 2. It is in both places restrained to new articles, 'novi articuli ex veteribus pendentes,' and 'ex illis orientes,' and 'ad causam pertinentes.' On the same article exhibited below, to which proof was adduced, or their direct contraries, no new evidence can be produced; but on those exhibited below, but not proved, there may; and so to new articles which may be exhibited, of they are not upon perfectly new matter, arise from the former, and spring out of them, and are related to the cause. The rule of 'non allegata allegandi, non probata probandi,' hath also this tack to it: 'modo non obstet publicatio testium.' The new allegation or proof, therefore, must be something which should be suggested or occasioned by the evidence already published, though it should spring out of the proceedings below.'
 
 
 146
 In 2 Browne, Civ. & Adm. Law, 436, the following appears: 'Another remarkable distinction between appeals from grievance and those from definitive sentence is that in the former the appellant is allowed to produce new evidence, under certain restrictions, 'non allegata allegare' and 'non probata probate,' 'modo non obstet publicatio testium;' and the proofs are confined 'novis articulls ex veteribus pendentibus, ad causam pertinentibus,' whereas the appeal from a grievance must be supported by showing the proceedings of the court, and from the very acts of the judge.'
 
 
 147
 It thus appears that even under the former principles, rules, and usages of admiralty the taking of further proof on appeal was not a matter of right, but was simply a practice which had grown up by common usage from the court allowing the respective parties to take such proofs, in fit cases, as the court should deem advisable. It was occasioned by reason of the peculiar circumstances surrounding the witnesses in causes pending in such courts; it being almost impossible to have present at the trial the various witnesses who might be material and necessary for the respective parties, owing to the witnesses being seafaring men, sailing at different times from port to port, and seldom remaining long in the place where the trial usually took place. By reference to section 30, 1 U.S. St. at Large, at page 88, it will appear that this reasoning is substantiated by provisions made in such section. By such it was provided that witnesses who might not be able to be present in the appellate court in cases when an appeal could be taken might have their testimony taken by the modes provided in such section. This, of course, gave the parties appealing a full knowledge of what testimony their adversaries possessed, and was an essential element in determining whether an appeal should be taken by either.
 
 
 148
 If, then, the taking of these further proofs on appeal in admiralty court is not one of absolute right, but is one which the judges of the appellate court have a discretionary power to all or refuse, the appellate courts necessarily have the power to provide rules for the procedure, or in what cases such testimony may be taken. The act of March 3, 1891, by which the United States court of appeals was established, by section 2 of such act, gave such court the following power: 'Such court shall prescribe the form and style of its seal and the form of writs and other process and procedure as may be conformable to the exercise of its jurisdiction as shall be conferred by law. * * * The court shall have power to establish all rules and regulations for the conducting of the courts within its jurisdiction, as conferred by law.'
 
 
 149
 The rule of which the petitioner here complains is rule 7 of the rules of said court, promulgated by the United States circuit court of appeals for the second circuit on July 1, 1892, which provides as follows, 'Upon sufficient information shown, this court, or any judge thereof, may allow either appellant or appellee to make new allegations, or pray different relief, or interpose a new defense, or take new proofs. Application for such leave must be made within 15 days after the filing of the apostles, and upon at least four days' notice to the adverse parties.'
 
 
 150
 Prior to this rule, a rule in force in the circuit court of the same division was as follows: 'Rule 130 of rules of appeals of the rules of the circuit court of the United States for the southern district of New York: If the appellee shall have any cause to show why new allegations or proofs should not be offered or new relief prayed on the appeal, he shall give four days' notice thereof, and serve a copy of the affidavit containing the cause intended to be shown, and such cause shall be shown within the two first days of the term; otherwise the appeal shall be allowed according to its term.'
 
 
 151
 As to the right of the court to make such last above mentioned rule we have never heard any question. In fact the rule which the petitioner claims in his brief at page 2 of the brief of the amici curiae was recommended by the committee of the bar for adoption as a rule for practice of the circuit court of appeals in the second circuit was almost identically the same. That rule and the rule last above mentioned are simply a converse of the rule now in force by the circuit court of appeals. In other words, the old rule throws the initiative and the burden of proof upon the party who objected to the taking of further proofs by the other party, and compelled him to satisfy the court why such further proofs should not be taken; and then it was in the discretion of the court to refuse or allow such depositions to be taken.
 
 
 152
 The new rule as promulgated by the circuit court of appeals, on the other hand, throws the initiative and the burden of proof upon the party who desires to take such testimony to satisfy the court that it is a proper case, and then it is in the discretion of the court to grant or refuse such motion. The difference between these two rules in their result seems to us to be practically nothing. By the present rules the circuit court of appeals have adopted a practice which is more speedy and less expensive than the old practice of moving to suppress. Before any labor or expense is incurred in procuring the testimony, the court must, in its discretion, determine whether such proof can be offered.
 
 
 153
 In the present case before us it will appear that under the old rules, under which this testimony was taken, the petitioner was entitled to take this testimony, as far as the mere taking of it was concerned, and that he did take it, though the taking of the same was objected to specifically by the respondent at the time such testimony was taken; that the petitioner was obliged to incur the expense of a stenographer, and to have such proofs printed; and that then the respondent was compelled to make a motion to suppress the testimony to bring the matter properly before the court. Then it became the duty of the court, in its judicial discretion, to say whether, although this testimony had been taken, the petitioner should have taken it, and whether it should be admitted in evidence. See rule 21 of the circuit court of the northern, southern, and eastern districts, promulgated May, 1885; also rule 25, to same effect; rule 130 of rules 1884.
 
 
 154
 We think that no other conclusion can be arrived at than that the new rule which has been adopted by the circuit court of appeals for the second circuit is most beneficial in all respects, and a vast improvement over the old proceeding in matters of this char acter. In fact it is almost identical with that of the supreme court, (rule 12.) The learned counsel for the petitioner, in his brief on this motion for the suppression of the testimony, entered into a long discussion as to the meaning of the word 'procedure' as used in the act of 1891, and argued that the term 'procedure,' as used in the act of 1891, is to be taken as synonymous with the phrases, 'practice,' 'pleadings,' and 'forms,' and 'mode of proceeding,' as used in section 914 of the Revised Statutes of the United States, and endeavors to show on the authority of certain cases cited by him that the phrase used in section 914 of the Revised Statutes excludes rules of evidence and rules as to the modes of taking evidence, and he concludes that the circuit court of appeals has no power to make rules as to the mode of taking evidence such as the seventh rule adopted by the said circuit court of appeals.
 
 
 155
 The word 'procedure' has been defined by Anderson, in his Dictionary of Law as follows: 'Rpocedure. The body of rules, whether of practice or pleadings, whereby rights are effectuated through the successful application of proper remedies. Opposed to the sum of the legal principles which constitute the substance of the law, and also distinguished from the law of evidence. The term is so broad that it is seldom employed as a word of art; it including whatever is embraced by the three technical terms, 'pleadings,' 'evidence,' and 'practice;' 'practice' here meaning those legal rules which direct the course of proceeding to bring parties into court, and the course of the court after they are brought in; and 'evidence' meaning those rules of law whereby we determine what testimony is to be admitted and what rejected in each case, and what is the weight to be given to the testimony admitted.'
 
 
 156
 The cases cited by counsel for petitioner do not bear him out, even assuming that the phrase used in section 914, and the terms used in the act of March 3, 1891, are synonymous. None of them really hold that the phrase given to the testimony admitted.' of proceeding' in section 914, Rev. St. U. S., excludes rules as to the methods of taking evidence and similar matters. It is also to be borne in mind in examining these cases that in the main the subjects of evidence and of the modes of taking evidence were covered by United States statutes already in force in 1872, when the provision found in section 914 of the Revised Statutes took effect, and that for that reason section 914 could seldom apply to these subjects. Moreover, section 914 prescribes conformity to state procedural law only 'as near as may be,' and United States courts have regarded this phrase as widening their discretion to hold that certain matters that might commonly be understood to fall under the terms 'practice' and 'procedure' would nevertheless not fall within the terms of section 914.
 
 
 157
 In Ex parte Fisk, 113 U.S. 713, 5 Sup. Ct. Rep. 724, section 914 is held to be inapplicable, on the ground that as to the particular point in question provision is made by United States statutes, and that the state statute is thus overridden. The court appear to consider the point in question (whether a party might be examined as a witness by his adversary before trial) as falling within the language of section 914, (see page 720, 113 U. S., and page 727, 5 Sup. Ct. Rep.,) but go on to point out that such section does not apply, for the reason just mentioned.
 
 
 158
 The decision in Beardsley v. Littell, 14 Blatchf. 102, rests upon the same ground, that express United States statutes apply to the case, and so prevail over the state practice.
 
 
 159
 In Nudd v. Burrows, 91 U. S. 426; Railroad Co. v. Horst, 93 U. S. 291; and Chateaugay Ore & Iron Co., Petitioner, 128 U. S. 544, 9 Sup. Ct. Rep. 150,—the matters respectively in question are held not to fall within the terms of section 914, not on the ground that they are provisions as to the taking of evidence, but, in the first case, because the provisions of the state law were deemed 'to fetter the judge in the personal discharge of his accustomed duties, and in the othr cases for somewhat similar reasons; and therefore were not deemded to come within the intention and object of section 914, as conceived by the court. The court say, in the case last mentioned, at page 554, 128 U. S., and page 153, 9 Sup. Ct. Rep.: 'The object of section 914 was to assimilate the form and manner in which the parties should present their claims and defense in the preparation for the trial of suits in the federal courts to those prevailing in the courts of the state.' Similar views of the object of the statute are expressed in the other cases cited. It is thus seen that the courts have construced the above-quoted phrase in section 914 in a somewhat narrow sense, in view of the special purpose of the statute, and the state of things it was intended to remedy.
 
 
 160
 The language by which, in the act of March 3, 1891, establishing the United States circuit courts of appeals, these courts are empowered to provide for their own practice, is to be construed with reference to the purposes and intention of the act. The act provides, (section 2:) 'Such court shall prescribe the form and style of its seal, and the form of writs and other process and procedure as may be conformable to the exercise of its jurisdiction as shall be conferred by law.' Also, (section 2, end:) 'The court shall have power to establish all rules and regulations for the conduct of the business of the court within its jurisdiction as conferred by law.'
 
 
 161
 Thus the act employs a variety of terms and expressions, including the general term 'procedure;' and the intention appears to be to confer upon the court all that power to regulate its whole practice and procedure, in the broad sense of those terms, that is usually exercised by courts, and (more particularly) all power of this kind that has been exercised by the circuit and district courts of the United States. So much power, at least, must be deemed to be given by the act to the new appellate courts, unless the language of the statute be clear and unmistakable to the contrary.
 
 
 162
 Section 917 of the Revised Statutes empowers the supreme court to regulate 'the whole practice' to be used in equity and admiralty by the circuit and district courts. And by section 918 of the Revised Statutes, and also by admiralty rule 46 the circuit and district courts are authorized generally to regulate their own 'practice,' (subject to United States statutes and to the rules prescribed by the supreme court under section 917.) As to what was intended by the language of these sections and of rule 46, and particularly by the term 'Practice,' used therein, the practical construction which has always been given to them by the courts acting under them should have great weight. It will be seen by reference to the admiralty rules, and also to the rules of the separate circuit and district courts, that various provisions as to the methods of taking evidence and similar points were made thereby. That a long and uninterrupted practice under a statute is regarded as good evidence of its construction is a familiar doctrine. McKeen v. Delancy's Lessee, 5 Cranch, 22. Rules as to the method of taking evidence and the time when evidence shall be taken are not so much rules of evidence as of practice. It is not to be supposed that congress, by the act of March 3, 1891, intended to confer upon the new appellate courts less power in the making of rules than has always been deemed under statutes employing language substantially similar to belong to the inferior courts.
 
 
 163
 In Bryant v. Leyland, (Cir. Ct. D. Mass. 1881, per Lowell, C. J.,) 6 Fed. Rep. 125, which was an action at law, a motion was made that defendants be required to answer certain interrogatories filed in the clerk's office, in accordance with the practice of the state. The court says: 'Speaking generally, the method of obtaining evidence to be used at a trial would be a part of the practice and modes of proceeding of the courts. It is so understood by congress, which gives the supreme court power to prescribe such modes of obtaining evidence and discovery as it may see fit, not inconsistent with any statute. Rev. St. § 917. This provision seems to me to weaken very much the argument so ably presented by Judge Dyer in Easton v. Hodges, 7 Biss. 324, that the legislation of congress is intended to cover the whole subject of evidence, and to exclude it from the domain of practice altogether. * * * The practice act of 1872, § 5, (17 St. p.197,) provided that nothing in that act should alter the rules of evidence under the laws of the United States. In re-enacting this section, this proviso has been dropped, and is not to be found anywhere in the Revised Statutes. The reason for omitting it may be assumed to be that the rules of evidence are no part of the practice or forms or modes of proceeding, as they certainly are not in general, though the mode of obtaining evidence is.'
 
 
 164
 But besides the question whether this is a question of practice or procedure, the authority vested in the circuit and district courts in cases of admiralty, by section 913 of the Revised Statutes, was based upon the principles, rules, and usages which belonged to the admiralty court, except as where otherwise prescribed by the rules of the supreme court; and, as we have previously shown, the supreme court has not prescribed, nor has the statute prescribed, in what cases this testimony shall be taken, and therefore the determination of the right to take this testimony, and in what cases it shall be taken, lies within the discretion of the judge of that court, according to the principles, rules, and usages of the admiralty courts.
 
 
 165
 There can be no question that there may be written rules and oral rules, and that rules may be established by a long line of decisions and practice to the same force and effect as if they were formally promulgated by the court; and the court having the power to determine by principles, rules, and usages of admiralty in what cases this testimony shall be taken, must surely have the power to promulgate it by written rules. Moreover, under the act creating the present circuit court of appeals, in cases of admiralty they become appellate courts of final jurisdiction. From such courts there is no right of appeal or writ of error or review by the supreme court. In this way they differ from the former jurisdiction of the circuit courts. The circuit courts, though of appellate jurisdiction, were merely intermediate courts, and an appeal might be taken to the supreme court.
 
 
 166
 It therefore must impress itself upon this most honorable court most strongly that it is contrary to all justice and equity to hold that these circuit courts of appeals, whose decisions within their jurisdiction are final, shoul still be treated, in the contemplation of the act of March 3, 1891, as simply intermediate courts of appellate jurisdiction. It would be simply holding that the circuit court of appeals assumes original jurisdiction in admiralty cases, and that the appeal therein is to be tried de novo, as if there had been no trial below. It would thus be resolving those courts into courts of original jurisdction, from which no appeal could lie. On this point we therefore most respectfully submit to this honorable court that the circuit court of appeals for the second circuit was fully empowered to make rule 7, and the subsequent ones relating thereto.
 
 
 167
 It is the well-established rule of law that on an appeal in admiralty to the circuit court involving questions of fact depending upon confiicting testimony, the decision of the district judge, who has had the opportunity of seeing the witnesses and judging from their appearance, should not be reversed, unless it clearly appears that the decision was against the weight of evidence. The Ludvig Holberg, 43 Fed. Rep. 117; The Excelsior, 40 Fed. Rep. 271; The Saratoga, Id. 509; William H. Vanderbilt, 37 Fed. Rep. 116, 118; Duncan v. The Gov. F. T. Nicholls, (Cir, Ct. E. D. La., decided in 1890,) 44 Fed. Rep. 302; Mentz v. The Sammy, 44 Fed. Rep. 624; Levy v. The Thomas Melville, 37 Fed. Rep. 271, 272; The Sammie, 37 Fed. Rep. 907, 908; Morse v. Coal Co., 36 Fed. Rep. 831, 832; Guimarais' Appeal, (Cir. Ct. E. D. Pa., 1886,) 28 Fed. Rep. 528; The Sampson, (S. D. N. Y. 1857,) 4 Blatchf. 28; The Florida, 4 Blatchf. 470, 471; The Sunswick, 5 Blatchf. 280, 281; The Grafton, (Cir. Ct. S. D. N. Y., Oct. 1846,) 1 Blatchf. 173, 178.
 
 
 168
 Geo. A. Black, for petitioner, (brief originally filed in the circuit court of appeals in opposition to motion to suppress further proofs, and now attached to the petition.)
 
 
 169
 >>Geo. A. Black, for petitioner, (in support of application in addition to brief annexed to petition.) John Murray Mitchell, for respondent.
 
 
 170
 THE CHIEF JUSTICE.
 
 
 171
 This is an application on behalf of John P. Hawkins for leave to file a petition for a writ of mandamus to the circuit court of appeals for the second circuit and to the judges thereof, commanding them to receive and duly consider certain depositions or further proofs taken by petitioner on appeal in an action pending in that court, wherein he is the libelant and appellee. The depositions in question were suppressed by the court on motion and for reasons given.
 
 
 172
 We cannot, by mandamus, review the judicial action thus had in the exercise of legitimate jurisdiction. In re Morrison, 147 U. S. 14, 13 Sup. Ct. Rep. 246; Ex parte Morgan, 114 U. S. 174, 5 Sup. Ct. Rep. 825; Ex parte Burtis, 103 U. S. 238; Ex parte Schwab, 98 U. S. 240.
 
 
 173
 Leave to file the petition is denied.
 
 
 174
 Application in behalf of John P. Hawkins for leave to file a petition for a writ of mandamus to the circuit court of appeals for the second circuit, and the judges thereof, commanding them to receive and duly consider certain depositions or further proofs taken by petitioner on appeal in the case of John P. Hawkins, libelant and appellee, against the yacht Lurline, (William B. Whetmore, claimant and appellant.) The depositions in question were stricken out on the motion of the appellant, the circuit court delivering the following per curiam opinion: