## EX PARTE BURTIS.

This court cannot, by *mandamus*, compel an inferior court to reverse its decision made in the exercise of its legitimate jurisdiction.

PETITION for a writ of *mandamus*.

*Mr. A. J. Todd* in support of the petition.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a petition for a *mandamus* requiring the district judge for the eastern district of New York to compel one Eliza M. Shepherd to obey the command of a *subpœna duces tecum*, and produce before a special examiner certain iron patterns of an old fire-place heater, that testimony might be taken respecting them, to be certified and used on the hearing of an equity cause pending in the Circuit Court for the Southern District of New York. From the petition it appears that the judge has already acted on the identical showing made to us, and for reasons assigned in writing denied a motion for an attachment against the person named for refusing to obey the subpœna.

A writ of *mandamus* may be used to compel an inferior tribunal to act on a matter within its jurisdiction, but not to control its discretion while acting (*Ex parte Railway Company*, 101 U. S. 711), nor reverse its decisions when made. *Ex parte Flippin*, 94 id. 348. Both these rules are elementary, and are fatal to this application. The district judge took jurisdiction of the matter, as it was his duty to do, heard the parties, and decided adversely to the claim of the petitioner. In this he may have done wrong, and the reasons he has assigned may not be such as will bear the test of judicial criticism; but we cannot, by *mandamus*, compel him to undo what he has thus done in the exercise of his legitimate jurisdiction. He was asked to punish a person for contempt in disobeying the process of the court. He decided not to do so. This action of his is beyond the reach of a writ of *mandamus*.

*Petition denied.*