*[Central Bank of Pittsburgh v. Earley.]

# Central Bank of Pittsburgh *versus* Earley.

1. Where a point has been improperly reserved and judgment entered for the defendant *non obstante veredicto*, the Supreme Court will not enter judgment on the verdict for the plaintiff, if it be apparent that the ends of justice require another trial.

2. When a verdict is subject to the opinion of the court on a question of law reserved for either one of two things, and the question is so defectively reserved that it cannot be determined, the verdict should be set aside for uncertainty.   A *venire facias de novo* will be awarded in such case.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, of *Elk county:* Of January Term 1886, No. 319.

Partition for certain lands in Elk county, wherein C. R. Earley was plaintiff and W. B. Brickell and P. Y. Hite were defendants.   The Central Bank of Pittsburgh on its petition

was admitted as defendant upon the record. The plaintiff filed an answer to this petition, admitting the right of the Central Bank of Pittsburgh to be admitted as defendant as to two thirds of the land described. The bank pleaded, *non tenent insimul.*

Upon the trial before MAYER, P. J., the jury was instructed to find for the plaintiff, subject to the opinion of the court on the question of law reserved : Whether the plaintiff is entitled to have the undivided one ninth part or the undivided one third part of the lands, for which the action of partition was brought, set apart to him in severalty.

The jury found as directed. The court entered judgment in favor of the plaintiff on the reserved question for the undivided one third part of the lands described in the writ, and directed that the same be set apart to him in severalty. The defendant thereupon took a writ of error assigning for error *inter alia* the judgment thus directed to be entered. The Supreme Court affirmed the judgment of the court below. The case is fully reported in 3 Amerman, 477. The plaintiff in error subsequently moved the court to grant a re-argument and assigned, as reasons therefor, that the point upon which the case was affirmed had not been raised and argued by counsel in the Supreme Court, and that the ends of justice required that another trial should be had, and a *venire facias de novo* should have been awarded. A re-argument was granted.

*Thomas C. Lazear, George A. Rathbun, A. M. Brown, J. F. M. Carpenter* and *Richard A. Kennedy,* for plaintiff in error.

*John G. Hall, Henry Souther, A. H. M' Cauley* and *Charles B. Earley,* for defendant in error.

Mr. Justice CLARK delivered the opinion of the court, February 21st, 1887.

Upon due consideration of the reasons filed for a re-argument of this case, we have concluded that judgment should not have been entered on the verdict. The verdict was for the plaintiff, but it was for the plaintiff, subject to the opinion of the court on a question of law reserved—whether the plaintiff is entitled to one third part of the land, or one ninth part thereof only. No fact is stated upon the record upon which this question may be determined; but no judgment should have been entered until the point, therein expressly reserved, was adjudicated ; and, as stated in the opinion, there is no foundation upon which to rest a decision.

Where a point has been improperly reserved, and judgment entered for the defendant, *non obstante veredicto,* in the court

[Freed v. Richey.]

below, this court will not enter judgment on the verdict for the plaintiff, if it be apparent that the ends of justice require another trial: Patton v. Railway Co., 96 Penn., 169; Johnston & Co. v. United Presbyterian Board of Pub., 17 Legal Jour., 164. And when a verdict is subject to the opinion of the court on a question of law reserved, for either one of two things, and the question is so defectively reserved that it cannot be determined, we think the verdict should be set aside for uncertainty.

> The entry of judgment in this court is amended by striking out the word " affirmed," and inserting in lieu thereof the words, " reversed, and *venire facias de novo* awarded."