## USHER v. SCRANTON RY. CO.

### (Circuit Court, M. D. Pennsylvania. September 23, 1904.)

**1. WRONGFUL DEATH—MEASURE OF DAMAGES—INADEQUACY OF VERDICT.**

A verdict awarding damages in the sum of $3,250 to a widow and young child for the death of the husband and father, who was shown to have been capable of earning $1,200 per year or more, *held* so inadequate as to entitle the plaintiff to a new trial.

**2. NEW TRIAL—FORM OF MOTION—DISCRETION OF COURT.**

The granting of a new trial being discretionary with the court, and subject to no fixed rule except a consideration of what is just, a court may entertain a motion by a plaintiff for a new trial conditioned on a ruling in favor of the defendant on a motion made by him for judgment non obstante veredicto.

**3. SAME—GROUNDS—NEWLY-DISCOVERED EVIDENCE.**

Where the court would otherwise be compelled to sustain a motion by defendant for judgment non obstante veredicto because of the insufficiency of the evidence to establish a fact essential to plaintiff's right of recovery, a new trial will be granted to the plaintiff on a proper showing of newly-discovered evidence proving such fact.

At Law. Sur rule by defendant for judgment non obstante veredicto on reserved point, and rule by plaintiff for a new trial.

Ralph L. Levy and E. W. Thayer, for plaintiff.
Everett Warren, for defendant.

ARCHBALD, District Judge. It was shown by the evidence that the plaintiff's husband, just prior to coming to Scranton, had been earning from $1,200 to $1,300 a year, and while he had not been able to secure a position yielding anything like that during the few weeks he had been in this city, yet it is to be taken as fairly approximating his earning powers. Notwithstanding this, however, the jury gave a verdict of but $3,250 to compensate the plaintiff and her child for his death. Assuming the possibility of a speedy marriage by Mrs. Usher, it may be that this would not be out of the way. But not only is this gratuitous, but, under the Pennsylvania statute, the widow sues not for herself alone, but for her minor children also, and the sum awarded, taking that into

consideration, is utterly inadequate to represent the joint loss of the mother and her child of tender years. The plaintiff is therefore entitled to a new trial as asked for upon this ground.

But so, also, is she on the other ground assigned. The liability of the defendant company for the death of the plaintiff's husband depended upon proof of the fact that he had been accepted as a passenger at the time of the accident. But the evidence produced at the trial to establish this was of the most meager kind, and the argument of defendant's counsel convinces me that it is not sufficient, as it stands, to sustain the verdict. If the case, therefore, is to be disposed of on the rule for judgment non obstante, on the point to that effect reserved, the rule will have to be made absolute, and the plaintiff turned out of court. It is now shown, however, by the depositions which have been taken, as it was not before, that Usher actually paid his fare to the conductor, who received it from him while he was riding on the step of the car, out-side the gate, in which position he was when he was injured. The plaintiff did not know of the existence of this evidence until after the trial, and it is not likely she would ever have obtained it, except as it was brought to her notice from an entirely unlooked for source. In the interest of justice she should now be permitted to have the benefit of it, essential as it is to enable her to make out a case.

It is said, however, that the application for a new trial in the alternative, in case the court should be of opinion that the defendant is entitled to judgment on the point reserved, goes far beyond established rules, and should not be entertained. But the appeal is to the discretion of the court, to which it is difficult to set bounds, the controlling consideration being what is just and right. It is well settled that the court may grant a new trial of its own motion, if necessary to accomplish justice (14 Encycl. Plead. & Prac. 932); and the length to which it can be induced to go is well shown by the case of Holland v. Railroad, 52 Neb. 100, 71 N. W. 989, where a new trial was ordered because of the loss of the stenographer's notes containing the rulings of the court and the bills of exception, which prevented a proper review of the case upon a proposed writ of error. To the same effect, also, is James v. French, 1 Wilcox, 139. Neither is authority lacking for doing just what is asked for here. Thus it was held in Gring v. Burkholder, 2 Woodw. Dec. 82, and Buehler v. Rapp, Id. 443, that where it would work injustice to enforce a rule for judgment non obstante veredicto, a new trial will be granted. And the same course was taken in Central Build. Assoc. v. Witzell, 13 Phila. 54, where a point had been reserved upon what was supposed to be undisputed facts, but it was found upon examination that certain of them were really in controversy. So in Patton v. Railway Co., 96 Pa. 169, and Central Bank of Pittsburg v. Earley, 115 Pa. 359, 10 Atl. 33, it was declared to be the prevailing rule, where a point had not been well reserved in the court below, whereby in strictness the plaintiff was entitled to have judgment entered on the verdict, to send the case back for a new trial instead of this, if the ends of justice required it. These examples suffice to show that the reason for a new trial

which has been the subject of criticism was entirely within the bounds of the established practice, and that the court did not go out of its way in entertaining it. It may have been informally presented, for want of accompanying affidavits disclosing the nature of the newly-discovered evidence relied upon, and showing why it could not have been produced before; but, if wanting in form, it was not in substance, which is the main thing. According to the showing now made, therefore, the plaintiff has a case which from her standpoint, at least, is complete, and if she has not been able to present it as she should, by reason of the evidence now brought forward being unavailable, in the interest of justice she, should be permitted to remedy this, instead of having judgment go against her on the reserved point.

The rule for a new trial is made absolute, and thereupon the rule for judgment non obstante veredicto falls.