## UNITED STATES v. ROGERS.

(District Court, W. D. Kentucky.   October 23, 1908.)

1. CRIMINAL LAW (§ 951*)—NEW TRIAL—TIME FOR MAKING APPLICATION.

   The setting aside of a verdict and granting of a new trial by a federal court in a criminal case is not governed by any statute, but is a matter of discretion, which may be exercised at any time before judgment has been entered on the verdict, although the term at which the verdict was returned may have passed.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2349–2352; Dec. Dig. § 951.*]

2. INTERNAL REVENUE (§ 47*)—PROSECUTION FOR FAILURE TO REMOVE STAMP FROM EMPTIED LIQUOR BARREL—SUFFICIENCY OF EVIDENCE.

   The conviction of a defendant of a violation of Rev. St. § 3324 (U. S. Comp. St. 1901, p. 2168), by failing to remove the stamp from a barrel which contained distilled spirits when such barrel was emptied, which constitutes a felony, and requires the imprisonment of the defendant in

the penitentiary for a term of not less than one year, will not be sustained on evidence that, on the sale of a single barrel by defendant, he expressly directed an employé to empty it of the liquor remaining therein and to destroy the stamp before delivering the barrel to the purchaser, and that the failure of the employé to obey such order was unknown to him.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 47.*]

On Motion for New Trial.

Geo. Du Relle, U. S. Atty.

W. M. Smith, for defendant.

EVANS, District Judge. The indictment charges that the defendant, at the time of emptying a certain cask or package of distilled spirits, did, with intent to cause or procure to be transported such empty cask, fail to efface and obliterate the marks, stamps, and brands thereon, in violation of section 3324 of the Revised Statutes (U. S. Comp. St. 1901, p. 2168). A verdict of guilty was returned by the jury in the case on October 16, 1907. Upon motion of the defendant, acquiesced in by the district attorney, the court from time to time postponed entering a judgment upon the verdict in order to give an opportunity for an application for a pardon. In view of the great hardship of the case, this delay was granted without reluctance, especially as no motion for a new trial was made. Nor had the defendant at the trial asked the judgment of the court upon the sufficiency of the evidence to authorize a conviction. At this term—two terms having expired since the verdict of the jury was returned—upon written grounds therefor the defendant moved the court to set aside the verdict and grant a new trial.

Two terms having elapsed, the question arises as to the power of the court to act upon the motion thus made. Certainly, if final judgment had been pronounced at the October term, 1907, the power of the court over it would have ceased with that term, in March, 1908. But, as no judgment was then rendered, the question is: Did the court lose control over the action of the jury when that term ended. The practice act, now section 914 of the Revised Statutes (U. S. Comp. St. 1901, p. 684), relates exclusively to civil actions at common law, and not to either equity or criminal causes. Section 987 of the Revised Statutes (U. S. Comp. St. 1901, p. 708) authorizes a motion or petition for a new trial to be presented within 42 days after the judgment; but that section also, in express terms, applies only to civil actions. The statutes of the United States in no way fix or prescribe any time within which a motion for a new trial may be entered in criminal cases. The laws of the several states as to new trials in criminal cases in no way regulate or control the federal courts. At the common law we think the right to ask the court not to render judgment upon a verdict in a criminal case, but to order another trial thereof, existed until judgment on the verdict was rendered, and in some cases until the close of the term even after judgment. Nothing is better settled than that the granting of a new trial by the federal courts is matter of discretion, and this discretion may, we think, be exercised as long as the matter is in fieri. The mere return of the verdict is in a certain

sense an interlocutory matter, and, this being true, it is always, like other interlocutory matters, within the power of the court until after final judgment. Indeed, a verdict is ineffectual without a judgment, and except to support a plea of former acquittal or as the basis of a judgment is without force.

Upon these considerations, which might be amplified, we conclude that the verdict in this case is yet subject to the power of the court, either to render judgment upon it or to set it aside upon a motion either in arrest of judgment or for a new trial.

Having concluded that we have power over the verdict, we must consider the merits of the motion for a new trial, which motion, in general terms, is based upon the proposition that the verdict was not sustained by the evidence. At the trial the testimony showed the facts to be substantially as follows:

Rogers and a colored man, who had been in his employ for a number of years, testified that Rogers kept his stock of liquor in his barroom in the original packages upon the opposite side of the barroom from the bar; that, in order to protect the stamps upon these barrels from defacement before the barrels were emptied, it was his habit to tack a piece of light board over the stamp upon the end of the barrel; that the barrel in question was nearly empty when Peter Bitzer came there and asked if there were any empty barrels for sale. Rogers sold this barrel to Bitzer, saying he would have it emptied when it was sent for. Rogers and his colored man both testified that Rogers had given precise and careful instructions to the latter to destroy the stamps upon all barrels that were empty and sold. Another colored man in the employ of Bitzer, who had died before the trial, came with a wagon for the barrel. Rogers directed his man to empty it. He did so, and immediately removed the board upon the end of the barrel, and was about to take off and destroy the stamp, and had actually, as he testified, pulled up one corner of the stamp for that purpose when Bitzer's man told him to stop, and said the stamp was not to be taken off. He thereupon replaced the corner of the stamp and tacked the board on again, and Bitzer's man took it away in his wagon. When Bitzer's place was raided, soon after, and he was found to be running an illicit distillery in the city under the guise of a vinegar factory, this barrel was found with the stamp intact, and was traced through the distillery records back to Rogers.

The statute upon which the indictment is based makes the offense a felony, and requires the court, after conviction, to impose a sentence of not less than one year in the penitentiary and a fine of not less than $500. Where the facts of a case are such as have just been stated, the court is not content to impose such a sentence, but is clearly of opinion that the motion for a new trial ought to be sustained.

Accordingly the verdict of the jury will be set aside, and a new trial of the case ordered.