## Andrus v. Burlington Township School Directors.

W. G. Schrier and J. P. Vallilee, for plaintiff.
Romeyn Culver, for defendants.

CULVER, P. J., Feb. 11, 1930.—The plaintiff petitioned the court for a writ of alternative mandamus, alleging that he is the father of Harry Andrus, a minor child within the compulsory attendance age, who has been assigned by the school board to attend the Luthers Mills Consolidated School; that he lives on a farm more than one and one-half miles distant from the said school,

and that, under the law, it is the duty of the school board to furnish proper transportation to his said son at the expense of said district, and further alleging that requests have been made and demanded that said school board furnish proper transportation to the said child to and from said school, and. that the board had refused and failed so to do, praying that an alternative writ of mandamus be issued requiring the school board to furnish such transportation.

A writ was issued as requested, and the school board made return thereto, admitting that plaintiff's son was properly assigned to the said school and was within the compulsory school age, but denying that they had refused and failed to furnish proper transportation to petitioner's child to and from the said school, and affirmatively state, since the opening of the school term, respondents have at all times furnished proper transportation for petitioner's child, with other children, with a careful and competent driver, and a proper motor-truck under good and proper supervision and control, and further setting forth that petitioner has a full and adequate remedy at law under section 406 of the School Code.

Plaintiff filed what he designated "Plaintiff's Traverse" to this return, in which he does not deny that defendants have furnished transportation as set forth in its return, but denies that such transportation is proper transportation for petitioner's child, with other children, with a careful and competent driver. The traverse in substance admits that defendants entered into a contract with Paul T. Bevan, as set forth in its return, and that he was transporting the scholars, including plaintiff's son, but alleging that Paul T. Bevan was a person of known intemperate habits and not a peaceable and law-abiding citizen of Burlington Township; that he was not a person with whom it was safe to entrust the care, control and custody of girls of tender age, and alleging that all these facts were known to each and every member of the board of school directors prior to May 29, 1929, when the school directors let the contract to him to transport the children, and further alleging that the plaintiff and others attended the meeting of the school board Jan. 29, 1929, and made known the facts herein mentioned to the school board, and then and there demanded of the said board that it enter into no contractual relations with the said Paul T. Bevan for the transportation of school children, for the reason that he was not a fit and proper person by reason of the foregoing facts, and alleging that the school directors, by entering into such contract, exercised an arbitrary authority and did not act in good faith, but acted wholly for the attainment of personal and selfish ends, and that any discretion they at that time exercised was not exercised for the public good, but was so abused and so capriciously and arbitrarily exercised that it resulted in an evasion of the positive duty of the said school board to furnish proper transportation for petitioner's child.

At the argument of this case, it was agreed by all parties that the school board had acted and had hired Paul T. Bevan to transport plaintiff's child and other children, and that he was, pursuant to that hiring, transporting them at the time this proceeding was brought. Plaintiff taking the position that he was not a proper person, that the school board did not act in good faith, and that plaintiff was entitled to a writ of alternative mandamus, asked for a jury trial to determine the question whether or not Paul T. Bevan was a proper person to transport the children in question.

Defendants allege that they acted in good faith, that Paul T. Bevan is a proper and competent person, that they have discharged their full duty and are furnishing proper transportation, and further contend that the ques-

tion of the competency of Paul T. Bevan, after the contract was let to him, was to be determined in the first place, if questioned, under section 406 of the School Code, and that no such proceeding had been asked for by the plaintiff.

It is well stated that mandamus is an extraordinary writ and can only issue in clear cases. If the school directors had refused to discharge their duty and were not furnishing transportation, the writ would lie to compel them to so act. They having exercised their discretion and entered into a contract with Paul T. Bevan and are furnishing transportation, we are not convinced that mandamus will lie to compel them to undo or revoke their action. The providing of a competent driver and proper transportation is not merely a ministerial act; it is an act requiring judgment and discretion.

This controversy evidently arises out of the controversy over who should have the contract with the school district for transportation of scholars. Plaintiff, with others, desires some other person, whom they were supporting, and, of course, the school board could not satisfy all the parties where there was a division of opinion.

It seems unreasonable to us that duties which the law commits to the board of school directors, requiring of them the exercise of consideration, judgment and discretion, can, by mandamus, be taken from them and submitted to the determination of a jury.

If petitioner's contention be correct, that alleging the school directors have not acted in good faith and have not provided proper transportation facilities, gives the right to mandamus, and in such proceeding the action of the board of school directors can be reviewed and overruled by a jury, a most unfortunate situation will exist. If this may be done, let us suppose it be done, and that a jury finds the school board has not provided proper and sufficient transportation, and that Paul T. Bevan is not a proper person to transport the children in question, the school directors all the time asserting that he is a proper person. What will then be the situation? How can the school board dismiss him under the provisions of section 406? It can be done only for cause. Suppose, however, that this consideration be met and overcome, and the school board enters into a contract with some other person to transport the scholars, and then some other dissatisfied person brings an action as this petitioner has done, alleging that the second person so hired is incompetent, is an improper person, etc., and that the school directors have acted in bad faith, asking for mandamus and a trial by a jury, and that question be submitted to a jury and found in favor of the petitioner, and so on *ad infinitum*. We are not convinced, and it seems unreasonable to us to assume, that such a situation may be created.

The school directors are given certain discretionary powers, and if they act in bad faith, they may for cause be removed, but we are not satisfied that when they are discharging their duties, requiring the exercise of judgment and discretion, duties that are not simply ministerial, but are in a measure judicial, their acts can be reviewed by a jury in mandamus proceeding.

It is the duty of school directors to hire teachers for the respective schools. Can it be contended that if some person be displeased or dissatisfied with a teacher, the action of the school board in so hiring may be reviewed by mandamus, and the question whether or not they have acted in good faith, and whether or not the teacher is properly qualified and a competent person, submitted to the determination of a jury?

"Mandamus is granted when that has not been done which should be done, but not for the purpose of undoing what has been done:" Short on Extraordinary Remedies, 250; Ex parte Burtis, 103 U. S. 238.

It is true petitioner alleges in general terms that the school board has acted from selfish and personal motives, but we are not satisfied that this broad assertion, without more definitely stating in what manner it has acted in bad faith, or how or in what manner it is personally interested, is sufficient on which to base an inquiry.

The presumption is that the school board has honestly discharged its duty. It has complied with the law by advertising for public bids for the transportation of scholars. It has heard the persons interested, and has exercised its discretion and good judgment and entered into a contract with one who is discharging the duty and against whom there is no allegation that he has not and is not transporting the scholars in a careful and proper manner, and we believe there is no authority in the court by a writ of mandamus to compel the school board to furnish other transportation than it is now furnishing under the facts as they are shown by the pleadings, and that the application for a writ of alternative mandamus should be dismissed.

*Order.*—And now, to wit, Feb. 11, 1930, after due and careful consideration, petitioner's application for a writ of alternative mandamus is dismissed, at the cost of plaintiff. An exception is noted for plaintiff and a bill sealed.

From Rodney A. Mercur, Towanda, Pa.