**MURPHY et al. v. UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT OF CALIFORNIA, SOUTHERN DIVISION et al.**

No. 10883.

Circuit Court of Appeals, Ninth Circuit.

Dec. 2, 1944.

Rehearing Denied Jan. 12, 1945.

A. M. Monaco and Heller, Ehrman, White & McAuliffe, all of San Francisco, Cal., for petitioner.

Norman M. Littell, Asst. Atty. Gen., M. Mitchell Bourquin, Sp. Asst. to Atty. Gen., and Vernon L. Wilkinson and Fred W. Smith, Attys., Dept. of Justice, both of Washington, D. C., for United States in support of respondents.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

On September 15, 1943, the United States of America instituted a proceeding in eminent domain to condemn 13.40 acres of land in the City of Richmond, for the use of the United States Maritime Commission in connection with the construction of shipyards.

The petitioners herein, the owners of the required 13.40 acres, had acquired the land by purchase, at a total cost of approximately $35,000. The parcel as a whole had never been developed for residential purposes, although streets were laid out; it had mainly been used by sightseers as a point from which to view the surrounding community and for Easter morning religious services.

Defendants had been excavating rock material from this land for some time and had secured permission from the City authorities to reduce the level of certain of the streets of the hill and dispose of the rock material so excavated from beneath the street levels.

Prior to the commencement of the action, the Maritime Commission had been purchasing quantities of the rock material from the defendants and had been using the same in connection with construction work at the adjacent shipyards. At the time of the commencement of the action, petitioners were lowering the level of other streets (for which formal permission from the City authorities had not been obtained) and removing the rock material. For undisclosed reasons, the Maritime Commission discontinued purchasing rock material from petitioners and instituted this action. Equipment of various kinds was used by petitioners to blast out and remove the rock material. After the taking, the Maritime Commission continued the same type of operations in removing the rock material and making use of it for its purposes in connection with the shipyard construction work.

The trial lasted twelve days and was completed on April 13, 1944. The issue of just compensation for the land taken was tried to a jury. Petitioners herein had originally alleged the fair market value of the land to be the sum of $600,000, and in addition prayed for the sum of $43,436 as special damages, and later amended their pleadings to claim compensation in the sum of $800,000. At the trial, the Government introduced evidence in support of its contention that the fair market value of the property as of September 15, 1943 did not exceed $55,000; while defendants presented testimony to substantiate their claim that the fair market value of the property was in excess of $600,000. The jury returned a verdict fixing the damages in the sum of $306,000.

Prior to the entry of judgment, the Government moved for a new trial principally on the ground that the evidence was insufficient to justify the verdict and that the

verdict was against the law, contending that the testimony of defendants' expert witnesses clearly indicates that their opinions were based upon conjecture and speculation—an evaluation of profits to be derived in the future from quarrying operations on the land.

The notice of intention to move for new trial was filed April 21, 1944; the motion was argued on May 19, 1944 and was on that date submitted upon the later filing of written briefs. The last brief was filed on June 13, 1944.

On or about June 20, 1944, the court's attention was called to Section 660 of the California Code of Civil Procedure, which provides that "the power of the court to pass on motions for new trial shall expire sixty (60) days from and after * * * filing of the notice of intention to move for a new trial." Section 660 further provides that non-determination of the motion within the sixty (60) day period shall be deemed a denial thereof.

Being satisfied that this is not a "procedural" matter within the contemplation of the Conformity Act, 40 U.S.C.A. § 258, Judge Goodman did not feel bound by Section 660 of the California Code of Civil Procedure and, on July 15, 1944 (more than 60 days after the serving and filing of the Notice of Intention), he granted the Government's motion for a new trial and filed a written opinion. On July 19, 1944, petitioners filed their request for exceptions to said order, which exceptions were allowed by Judge Goodman on July 21, 1944.

Petitioners duly moved to vacate the order granting a new trial, which motion was denied on September 7, 1944; appropriate exceptions were allowed by Judge Goodman on September 8, 1944.

Petitioners now seek by this proceeding to compel respondents to make findings and enter judgment in accordance with the verdict of the jury after trial, and to vacate and set aside the order granting a new trial.

A Federal District Judge not only has the power and authority but is charged with the duty and responsibility to set aside the verdict of a jury and to grant a new trial when in his judgment and discretion the amount of compensation awarded is excessive. The granting of a new trial is discretionary with the court and subject to no fixed rule except a consideration of what is just. Felton v. Spiro, 6 Cir., 78 F. 576; Ulman v. Clark, C.C., 100 F. 180; Usher v. Scranton R. Co., C.C., 132 F. 405; see also, Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917; United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129. To curb this authority and responsibility by enforcing the time limit prescribed by State statute would tend to encumber and defeat the administration of justice in this case.

On motions for new trial, federal courts are not affected by the conformity statute nor state statutes or practice.[1] The exercise of the court's discretion in passing on a motion for a new trial is a rule of law established by the Supreme Court of the United States and is not controlled by the "conformity act" nor affected by any state statute on the subject.[2] It has been held consistently by the Supreme Court and by our collateral courts that the conformity required of the

[1] United States v. Train, C.C., 12 F. 852; Lowry v. Mt. Adams & Eden Park Incline Plane R. Co., C.C., 68 F. 827; United States v. Seufert Bros. Co., C. C., 78 F. 520; Hughey v. Sullivan, C. C., 80 F. 72; Tullis v. Lake Erie & W. R. Co., 7 Cir., 105 F. 554; Knight v. Illinois Central R. Co., 6 Cir., 180 F. 368; Duke v. St. Louis & S. F. R. Co., C.C., 172 F. 684; Latchtimacker v. Jacksonville Towing & Wrecking Co., C.C., 181 F. 276, affirmed 1910, 5 Cir., 184 F. 987; Philadelphia & R. R. Co. v. Maryland, 3 Cir., 239 F. 1; See also, Indianapolis, etc., R. Co. v. Horst, 93 U.S. 291, 23 L.Ed. 898; Newcomb v. Wood, 97 U.S. 581, 24 L.Ed. 1085; Missouri Pacific R. Co. v. Chicago & Alton R. Co., 132 U.S. 191, 10 S.Ct. 65, 33 L.

Ed. 309; Fishburn v. Chicago, Milwaukee & St. Paul R., 137 U.S. 60, 11 S. Ct. 8, 34 L.Ed. 585; United States v. Rogers, D.C., 164 F. 520; M'Keon v. Central Stamping Co., 3 Cir., 264 F. 385.

[2] Latchtimacker v. Jacksonville Towing, etc. Co., C.C., 181 F. 276. For same case at later stage see 1910, 5 Cir., 184 F. 987. See also, Parsons v. Bedford, 3 Pet. 433, 7 L.Ed. 732; Indianapolis, etc., R. Co. v. Horst, 93 U.S. 291, 23 L.Ed. 898; Coffey v. United States, 117 U.S. 233, 6 S.Ct. 717, 29 L. Ed. 890; Missouri Pac. R. Co. v. Chicago, etc., R. Co., 132 U.S. 191, 10 S. Ct. 65, 33 L.Ed. 309; Fishburn v. Chicago, etc., R. Co., 137 U.S. 60, 11 S.Ct. 8, 34 L.Ed. 585.

Federal courts to state rules is "as near as may be" and was not intended to tie their hands when in their judgment it would "unwisely encumber the administration of the law, or tend to defeat the ends of justice, in their tribunals." Indianapolis & St. Louis Railroad v. Horst, 93 U.S. 291, 23 L.Ed. 898. See also, United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Aetna Ins. Co. v. Kennedy to Use of Bogash, 301 U.S. 389, 57 S.Ct. 809, 81 L. Ed. 1177; Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857.

■ In the case at bar, following argument of the motion for new trial on May 19, 1944 (which motion was made in due time to conform with the State rules), the motion was held under advisement pending the filing of briefs, the last of which was submitted by petitioners on June 13, 1944. This left, under Section 660, but seven days within which to decide the motion. On July 15, 1944, one month after submission of the briefs, Judge Goodman acted upon the motion and filed a written opinion. This was not an unreasonable delay, considering the length of the trial and the amount of evidence which had to be reviewed; nor could the passage of time prejudice the petitioners. No question has been raised as to the right of the Government to take the land. All that was in issue was the amount of compensation to which the petitioners are entitled. To invoke Section 660 would be to defeat the Government's lawful motion through no fault on its part. To grant the relief requested herein would be to frustrate the administration of justice by the enforcement of a wrongful and excessive verdict through the technicality of a statute whose application to the case is, at most, doubtful.

■ Since section 660 of the California Code of Civil Procedure could not operate to deprive the District Judge of his statutory power to grant new trials, 28 U.S.C.A. § 391, once that power was timely invoked, Judge Goodman had lawful jurisdiction on July 15, 1944 to grant the motion for a new trial, and the request herein for a writ of mandamus is denied. When jurisdiction exists in the trial judge, appeal rather than mandamus is the proper method by which to obtain an appellate review of the ruling, and then only after the entry of a final judgment. Roche v. Evaporated Milk Association, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185. See also, Ex Parte Burtis, 103 U.S. 238, 26 L.Ed. 392; Ex Parte Perry, 102 U.S. 183, 26 L.Ed. 43; Ex Parte Railway Co., 101 U.S. 711, 25 L.Ed. 872.