BRADLEY MIN. CO. v. BOICE.
No. 12684.

United States Court of Appeals
Ninth Circuit.
Aug. 27, 1952.

Pope, Circuit Judge, dissented.

John Parks Davis, San Francisco, Cal., Oscar W. Worthwine and Ralph R. Breshears, Boise, Idaho, George Donart, Weiser, Idaho, and Arthur B. Dunne, San Francisco, Cal., for appellant.

Jess B. Hawley, Jr., W. H. Langroise and W. E. Sullivan, Boise, Idaho, for appellee.

Before HEALY, BONE, and POPE, Circuit Judges.

PER CURIAM.

In this case we affirmed a judgment against the appellant, one member of the court dissenting. 194 F.2d 80. Appellant petitioned for a rehearing in banc, and rehearing was denied. Application for certiorari followed and was denied. 343 U.S. 941, 72 S.Ct. 1033. Upon the coming down of the mandate appellant moved for leave to file a motion to vacate the denial of its petition for rehearing in banc and for the reinstatement of its petition. That motion is the matter before us for disposal.

The case was not in any aspect of such character as to suggest the advisability of its being heard or reheard in banc. It involved purely factual issues. Depending upon how the jury might evaluate the evidence, or how appraise the credibility of the witnesses, it was concededly a case in which both actual and exemplary damages were awardable. The charges made against the defendant, and presumably accepted by the jury as true on the evidence before it, were for conduct of a nature calculated to blast at the threshold the efforts of a young doctor to establish himself in his profession. The problem presented bore scant resemblance to Southern Pacific Co. v. Guthrie, 9 Cir., 186 F.2d 926, and speculation as to the probable attitude here of the judges who participated in Guthrie has no perceivable basis.

The judge who presided at the trial, convinced that the jury was not motivated by passion or prejudice and that its verdict, while large, was not excessive, denied a motion for a new trial.[1] Being ourselves disinclined to usurp the functions of the jury or to invade the province of the district judge, and being, moreover, of opinion that the judge was right in refusing to disturb the verdict, we affirmed. Appellant has had its appeal and its opportunity for certiorari or other relief in the Supreme Court. It is not entitled to pursue the process a second time.

The motion for leave to file is denied.

POPE, Circuit Judge (dissenting).

I think that a just disposition of this case requires that the appellant be granted an opportunity to reargue the case before the court sitting in bank.

In a recent opinion of this court in bank in Western Pacific Railroad Corporation v. Western Pacific Railroad Company, 9 Cir., 197 F.2d 994, the court, after denying the right of a defeated litigant to require all of the judges of the court to consider a petition for rehearing of a case originally heard by a division of the court, pointed out that it recognized that certain cases are appropriate ones for consideration by a court in bank. The opinion enumerated certain types of cases which have frequently been treated in this manner.[2]

1. 92 F.Supp. 750.

2. I have a somewhat different view of the purport of the opinion in the Western Pacific Railroad Corporation case mentioned above than that which Judge Denman expressed in his dissent in that case. As I understand the majority opinion, it went no further than to hold that a disappointed litigant in the position of the appellant in that case could not, by filing a petition for rehearing in bank, require all the judges of the court to consider and pass upon that petition. I concurred in that opinion because in my mind

In my opinion the circumstances make this particular case, in the light of the views expressed by all the members of the court with respect to some of the problems here involved, one in which a hearing in bank should be granted. I think that we, as members of this division which heard the case originally, should recommend a hearing in bank and by our action invite all the judges to participate.

My views in this respect are not based upon the mere fact that I have disagreed with the result reached in the majority opinion here, nor upon my feeling that a grave miscarriage of justice has been given the stamp of approval by this court. Rather my views are based upon the demonstrable probability that were this case heard by all seven judges a different result would be achieved. A study of the views expressed by all seven of the judges in Southern Pacific Company v. Guthrie, 9 Cir., 1951, 186 F.2d 926, will disclose why I think it evident that a hearing in bank would produce a different result.

As I have pointed out in my previous dissent in this case, the verdict upon which judgment has been entered here has the vice not merely of being excessive in amount but its validity is tainted by the errors in injecting into the case matters highly prejudicial and calculated to arouse the passion and prejudice of the jury. It is a stronger case than was Guthrie.

The point that I am making is that in any case where the division hearing the matter can say that there is a fair probability that all seven of the judges would arrive at a different conclusion than that expressed by a mere majority of a division, the case is an appropriate one for a hearing in bank.

a contrary holding would mean that the court would, as a practical matter, lose the opportunity which it now has to expedite its disposition of cases through the hearing of matters before divisions. For instance, in the present case the record fills four printed volumes comprising nearly 2000 pages and I know what a task it was to read that whole record. I do not think the statute intended that I, not a member of the division which heard the Western Pacific case, should have to read all the record in that case, as I might well find necessary in order

It is unthinkable to me that a division of the court may lay down a rule or enter a judgment knowing that a majority of the judges who constitute this court would probably disagree. That is this case and for that reason I think that a rehearing should be granted.

to vote intelligently upon the petition.

There is language in subdivision (c) of § 46 of Title 28 which would seem to grant to a majority of the circuit judges of the circuit the right to order a hearing or rehearing in bank in any case, a procedure which I am of course not proposing here. That is a question which was not determined by the majority opinion in the Western Pacific case, although Judge Denman seems to think that it was. Upon that question I reserve judgment until such time as determination becomes necessary.