## BRADLEY MINING CO. v. BOICE.

No. 12684.

United States Court of Appeals Ninth Circuit.

June 24, 1953.

Pope, Circuit Judge, dissented.

John Parks Davis, San Francisco, Cal., Oscar W. Worthwine and Ralph R. Breshears, Boise, Idaho, George Donart, Weiser, Idaho, and Arthur B. Dunne, San Francisco, Cal., for appellant.

Jess B. Hawley, Jr., W. H. Langroise and W. E. Sullivan, Boise, Idaho, for appellee.

Before HEALY, BONE, and POPE, Circuit Judges.

PER CURIAM.

Upon the original calendaring of this case it was duly assigned for hearing and decision to a division of the court consisting of Circuit Judges HEALY, BONE and POPE. For that purpose, the division constituted the court. After hearing the judgment of the district court, 92 F.Supp. 750, was affirmed. 9 Cir., 194 F.2d 80. Subsequently, on January 18, 1952, appellant filed a petition entitled "Petition for a rehearing en banc." On January 23, 1952, the division made and entered an order denying the petition.

Thereafter appellant petitioned for certiorari and by order entered May 5, 1952, 343 U.S. 941, 72 S.Ct. 1033, 96 L.Ed. 1347, the Supreme Court denied certiorari. Upon the coming down of the mandate appellant moved for leave to file a motion to vacate the denial of its petition for rehearing en banc and for the reinstatement of its petition. On August 27, 1952, the division denied the motion for leave to file, one judge dissenting. 9 Cir., 198 F.2d 790.

On April 13, 1953, the Supreme Court vacated its denial of certiorari, granted the writ, vacated the order of the division of this court denying the petition for rehearing en banc, and remanded the cause for further proceedings in light of Western Pacific Railroad Corp. v. Western Pacific Railroad Co., 345 U.S. 247, 73 S.Ct. 656, decided April 6, 1953, Bradley Mining Co. v. Boice, 345 U.S. 932, 73 S.Ct. 797.

Thereafter on May 27, 1953, this court's Rule 23 (formerly Rule 25) was amended by adding thereto two new paragraphs reading as follows:

"All petitions for rehearing shall be addressed to and be determined by the court as constituted in the original hearing.

"Should a majority of the court as so constituted grant a rehearing and either from a suggestion of a party or upon its own motion be of the opinion that the case should be reheard en banc, they shall so inform the Chief Judge. The Chief Judge shall thereupon convene the active judges of the court and the court shall thereupon determine whether the case shall be reheard en banc."

Pursuant to the decision of the Supreme Court of April 13, 1953, and this court's Rule 23, as amended, appellant's petition for rehearing en banc has been considered by this court as constituted in the original hearing, and this court as so constituted being of the opinion that the case should not be reheard en banc or otherwise, it is now ordered by this court as so constituted that the petition be and is hereby denied.

POPE, Circuit Judge (dissenting).

I have twice stated my reasons for dissent in this case, 194 F.2d at page 84; 198 F.2d at page 791. Why I disapprove the performance which passed for a trial in the court below has been fully explained. Much as I deplore what has happened here, it is assuredly not on my conscience.

The majority of this division have undertaken to justify their affirmance of the judgment, and denial of a rehearing, either en banc or otherwise, on the ground that the case "involved purely factual issues". 198 F.2d at page 791. In my opinion, that is simply not true. The question is whether a litigant in a federal court is entitled to have

the judges, both trial and appellate, exercise their constitutional power, and perform their duty, to pass judgment.

Although this is a case which got in the federal court by reason of diversity of citizenship, in my view it poses an important federal question relating to the function of a trial judge. In denying a motion for new trial on the ground of the excessiveness of the verdict, the trial court said, 92 F.Supp. at page 755: "At the very threshold of this inquiry it must be remembered that the Constitution of the United States, Amendment 7, and of this State, art. 1, § 7, as well as all other States, has secured the right of trial by jury in civil actions by the words, 'shall be preserved' or, as stated in the Constitution of the State of Idaho, 'shall remain inviolate'. If this mandate is to be obeyed the Court must proceed with caution when a motion such as is now before this Court is considered, with the thought in mind that if the Court is going to set aside the verdict for no reason except that the Court feels it is excessive, this constitutional provision will be violated and a jury trial would be a useless thing if in the final outcome the Court could supplant its opinion in place of the opinion of the jury."

Most assuredly this is not the law. Murphy v. United States District Court, 9 Cir., 145 F.2d 1018, 1020; Charles v. Norfolk & Western Ry. Co., 7 Cir., 188 F.2d 691, 695; Felton v. Spiro, 6 Cir., 78 F. 576, 581. And the trial court, proceeding upon this mistaken premise, after discussing the size of the verdict, concluded that "the amount of damages allowed was the jury's best judgment", 92 F.Supp. at page 756.

That the appellant was entitled to more than that, and that such mistaken renunciation of power by the trial judge is reversible error, was decided in Felton v. Spiro, supra, by a court of which Judges Taft and Lurton were members, in which it was said: "But the motion for new trial is a remedy accorded to a party litigant for the correction by the trial court of injustice done by the verdict of a jury. It is one of the most important rights which a party to a jury trial has. It is a right to invoke the discretion of the court to decide whether the injustice of the verdict is such that he ought to have an opportunity to take the case before another jury. If, now, in exercising this discretion, it is the duty of the court to consider whether the verdict was against the great weight of the evidence, and he refuses to consider the evidence in this light on the ground that he has no power or discretion to do so, it is clear to us that he is depriving the party making the motion of a substantial right, and that this may be corrected by writ of error." 78 F. at page 581.

For this reason alone the case should have been reversed and remanded.

In Southern Pac. Co. v. Guthrie, 9 Cir., 186 F.2d 926, all the judges of this court, with one exception, reaffirmed the rule of this circuit, that an appellate court has the power to do something about a monstrous verdict. Appellant had a right to have his case submitted to judges who follow that rule. I have previously stated why I think a study of the various opinions in that case will demonstrate that a hearing of this case en banc would produce a different result. In those circumstances, I say again, it is our duty to afford appellant that opportunity.

In a memorandum recently prepared by a committee of circuit judges for presentation to Congress, the following statement is found: "It need hardly be emphasized that the services performed by the judges of the federal courts is second to none in this country in its importance to the Nation. As Chief Justice Marshall said, 'The judicial department comes home in its effects to every man's fireside; it passes on his property, his reputation, his life, his all.' In the words of the late Mr. Justice Sutherland, 'If the political structure erected by the fathers rests upon any one pillar more securely than upon another, it is upon that which upholds the right of the individual to invoke the judgment of the civil courts of the land upon his conduct.' "

I think that no one will question what is there stated. But to the appellant in this case, this must sound pretty hollow. For as I see it, both the trial judge and the judges of this court, have simply refused to function.