**Douglas F. EIGEMAN, Plaintiff,**

v.

**CITY OF GREAT FALLS, Officer John Erickson, Officer Randy Lester, Defendants.**

**No. CV–85–282–GF.**

United States District Court, D. Montana, Great Falls Division.

Aug. 1, 1989.

Kenneth R. Olson, Baiz & Olson, Great Falls, Mont., for plaintiff.

Neil Ugrin and Dave Slovak, Great Falls, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

This civil rights action, prosecuted pursuant to 42 U.S.C. § 1983, has its genesis in the arrest of plaintiff, Douglas Eigeman, in November of 1983 by the defendants, John Erickson and Randy Lester, who at the time were police officers employed by the City of Great Falls, Montana. The gravamen of Eigeman's complaint is that Erickson and Lester utilized excessive force in effecting the arrest, in violation of the fourth amendments' proscription against unreasonable seizure. The action was tried before a jury which returned a special verdict upon written interrogatories in favor of Erickson and Lester. The jury concluded that Erickson and Lester did not recklessly use excessive force in effecting the arrest of Eigeman. The jury also found in favor of Erickson and Lester upon those individuals' counterclaim against Eigeman for assault and battery. Judgment on the verdict was entered in favor of Erickson and Lester and against Eigeman on January 3, 1989, as amended on January 5, 1989.

The matter is presently before the court on motion of Eigeman requesting the court to grant a new trial pursuant to Fed.R. Civ.P. 59. Eigeman predicates his motion for a new trial upon the alternate bases: (1) there exists "newly discovered" evidence which warrants the grant of a new trial and (2) the existence of misconduct on the part of the defendants which warrants the grant of a new trial. Eigeman's motion is prompted by revelation of the fact that defendant Erickson, during his course of employment as a police officer with the Great Falls Police Department, was directly involved in an arrest by local law enforcement officers in which excessive force was purportedly utilized against the arrestee. That incident apparently occurred on November 30, 1988, six days prior to the commencement of trial in the action at bar. Eigeman asserts the failure of defendants Erickson and the City of Great Falls to disclose to Eigeman the fact the incident occurred, constitutes sufficient misconduct on those defendants' part to warrant a new trial. Likewise, Eigeman submits the existence of the incident constitutes new evidence material to resolution of Eigeman's claims.

In regard to the latter conclusion, Eigeman seeks to impress upon the court that evidence of Erickson's utilization of excessive force would have impacted upon the jury's resolution of Eigeman's claim because the credibility of Eigeman and the defendant officers was of such import under the circumstances of the case. The defendants, while disputing the totality of the assertions advanced by Eigeman, take the position that the purportedly "new evidence" is simply insufficient to sustain the grant of a new trial for the primary reason that the evidence would not in any way tend to change the outcome of the first trial. Evidence of Erickson's involvement in an incident which occurred some five years after the transaction in which Eigeman's complaint is based, the defendants submit, is not only irrelevant, but would be inadmissible at trial. At best, the defendants argue the evidence is merely impeachment type evidence that does not provide an adequate basis for grant of a new trial. As a final retort, the defendants contend Eigeman failed to exercise the requisite diligence in attempting to discover facts pertaining to other specific instances of defendant Erickson utilizing excessive force in the course of performing his official duties as a police officer. Specifically, the defendants contend that Eigeman never posed to them, by way of appropriate interrogatory or request for production, a question designed to elicit information regarding any other instances of misconduct on

the part of Erickson. The defendants attempt to bolster their position by emphasizing that Eigeman did not pose a question of that nature to any witness during the course of trial. This merely begs the issue. The decision of counsel for Eigeman to forego inquiry into Erickson's apparently exemplary record was a legitimate tactical decision. Had counsel for Eigeman known of the existence of complaints of brutality, he may have altered his approach.

■ A review of the standards governing a motion for new trial is appropriate. The grant or denial of a motion for new trial is a matter addressed to the sound discretion of the trial court. *Fairmount Glassworks v. Cubfork Coal Co.*, 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439 (1933). The exercise of that discretion is subject to no fixed rule except to consideration of what is just. *Murphy v. United States District Court*, 145 F.2d 1018 (9th Cir.1944). "Newly discovered" evidence provides one basis upon which a trial court may predicate the grant of a new trial under Fed.R. Civ.P. 59(b). "Newly discovered" evidence is evidence which pertains to facts in existence at the time of trial but which, by the exercise of reasonable diligence, was not discoverable prior to trial. *See, Contempo Metal Furniture Co. of California v. East Texas Motor Freight Lines, Inc.*, 661 F.2d 761 (9th Cir.1981); *Washington v. United States*, 214 F.2d 33 (9th Cir.1954), *cert. denied*, 348 U.S. 862, 75 S.Ct. 86, 99 L.Ed. 679 (1954). Even if there exists "newly discovered" evidence, the grant of a new trial is warranted only if there is a sufficient showing that the evidence is of such a character that if presented on a new trial it would probably produce a different result. *See, United States v. Bransen*, 142 F.2d 232 (9th Cir.1944); *Wulfsohn v. Russo–Asiatic Bank*, 11 F.2d 715 (9th Cir.1926). Consequently, a new trial will ordinarily not be granted on the basis of "newly discovered"

evidence where the evidence is not material but is merely corroborative, cumulative or impeaching of the evidence presented at the former trial. *See, Johnson v. United States*, 270 F.2d 488 (9th Cir.1959). In sum, the movant for a new trial on the ground of "newly discovered" evidence must make three showings: first, that the evidence in issue constitutes "newly discovered" evidence within the meaning of Rule 59; second, that the movant exercised "due diligence" to discover the evidence; third, that the "newly discovered" evidence is of such magnitude that production of it earlier would have been likely to change the disposition of the case. *Coastal Transfer Co. v. Toyota Motor Sales, USA*, 833 F.2d 208, 211 (9th Cir.1987).

■ Application of the standards governing disposition of a Rule 59 motion predicated upon "newly discovered" evidence to the circumstances of the case at bar compels the court to DENY Eigeman's motion. While the court finds Eigeman has established that he exercised due diligence to discover facts pertaining to defendant Erickson's use of excessive force in performing his duties as a police officer, Eigeman fails to satisfy the two remaining criteria necessary to warrant the grant of a new trial.[1]

The theory of Eigeman's case was that defendants Lester and Erickson resorted to the use of excessive force in effecting the arrest of Eigeman. In defense to Eigeman's allegations, defendants Lester and Erickson attempted to show that in effecting the arrest of Eigeman they acted appropriately and responded with that amount of force which was reasonably necessary to accomplish the arrest of an obstreperous individual. In resolving Eigeman's motion for a new trial, it is imperative upon the court to determine whether evidence of Erickson's use of excessive

---

**1.** Contrary to the assertion of the defendants, Eigeman may not be faulted for lack of diligence in attempting to discover the evidence in issue prior to trial. Eigeman, through his counsel, specifically inquired of the representative of the defendant City of Great Falls regarding his knowledge of any complaints made to that entity regarding defendant Erickson's use of exces-

sive force. Eigeman would have been justified in concluding that the representative would possess knowledge regarding any complaints of brutality which would have been levelled against defendant Erickson. Eigeman has satisfied his burden in rebutting the presumption that he failed to act diligently in ascertaining the existence of the evidence in issue.

force in an unrelated transaction would have been admissible in the case at bar. In determining the admissibility of evidence regarding defendant Erickson's conduct in an unrelated transaction, the court turns to consider Fed.R.Evid. 404(b).[2]

Consistent with the general proscription against the use of evidence of a person's character, or a trait of character, for the purpose of proving action in conformity with that character or trait on a particular occasion, Fed.R.Evid. 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove character as a basis for suggesting the inference that conduct on a particular occasion was in conformity with the proven character. Fed.R.Evid. 404(b), ADVISORY COMMITTEE'S NOTE. However, the evidence may be offered for another purpose, such as proof of motive, opportunity, and so on, which does not fall within the general prohibition. *Id.* Consequently, Rule 404(b) is a rule of *inclusion* which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove only disposition to act in conformity with a particular character trait. *See, United States v. Sangrey,* 586 F.2d 1312, 1314 (9th Cir.1978) (*quoting, United States v. Rocha,* 553 F.2d 615, 616 (9th Cir.1977)).

Eigeman's assessment of the evidence regarding Erickson's utilization of excessive force to effect an arrest at a point in time after the incident that gives rise to Eigeman's complaint, leads him to the assumption that the evidence would properly be admitted in an action upon Eigeman's complaint. The impeaching nature of the evidence aside, Eigeman suggests the evidence would be relevant to two factual issues in the case. First, the evidence would bear upon the issue of who was the aggressor at the time of the confrontation between Eigeman and Erickson. Second, the evidence would tend to establish the character of defendant Erickson for "assaultive behavior in arrest situations".

Eigeman does not discuss the basis upon which the disputed evidence would be admissible. In fact, Eigeman does not even indicate on what theory he believes the evidence would be admissible. Implicit in Eigeman's argument, however, is the theory that the evidence of Erickson's conduct on November 30, 1988, is admissible for the purpose of proving that Erickson acted in conformity with his character trait for assaultive behavior at the time he effected the arrest of Eigeman. This theory of admissibility lies in direct contravention to the proscription against the admissibility of character evidence contained in Fed.R.Evid. 404(b). Eigeman fails to present a cogent argument establishing admissibility of the evidence for the purpose of proving motive, opportunity, intent, or any of the other issues of fact specifically enumerated in Fed.R.Evid. 404(b).

The validity of Eigeman's claim against the defendants called upon the jury to resolve the events which transpired at the time of the confrontation between Eigeman and defendants Lester and Erickson. Evidence of defendant Erickson's conduct at a point in time *after* the incident in issue would serve to take the focus of the jury away from the question of what actually happened at the time of that confrontation, and direct it to the character of defendant Erickson. This is precisely what Fed.R. Evid. 404 is designed to prohibit. *See, Cohn v. Papke,* 655 F.2d 191, 193–94 (9th Cir.1981); *see also, Lataille v. Ponte,* 754 F.2d 33, 35–37 (1st Cir.1985). When the specific instance of conduct in issue occurred after the incident in which the action being tried has its genesis, it must be subjected to even more exacting scrutiny in that it becomes more unlikely that evidence regarding the latter incident would tend to prove any of the issues of fact specifically excepted by Fed.R.Evid. 404(b) from the general rule of prohibition. It is the studied conclusion of this court

2. Fed.R.Evid. 404(b) provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

that the evidence relating to the conduct of defendant Erickson in effecting an arrest at a point in time subsequent to the arrest at issue in the case *sub judice* would not be admissible evidence upon which Eigeman could rely to sustain his burden of proof. Accordingly, Eigeman's motion for a new trial based upon the existence of this purportedly "newly discovered" evidence must necessarily fail.[3]

■ The court is equally unpersuaded by Eigeman's assertion that the failure of the defendants to advise him of the November 30, 1988, incident involving defendant Erickson constituted misconduct warranting the grant of a new trial. Even if the court were to conclude the defendants acted improperly, Eigeman could not satisfy the requisite showing that the factual information purportedly withheld is of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor Sales, USA*, 833 F.2d 208, 211 (9th Cir.1987). The inadmissibility of the subject "newly discovered" evidence precludes a finding that it would have had a bearing upon disposition of this case upon its merits. Therefore, for the reasons set forth herein,

IT IS HEREBY ORDERED that the plaintiff's motion for a new trial be, and the same hereby is, DENIED.

The Clerk of Court shall forthwith advise the parties of the entry of this order.

---

**3.** Eigeman implores the court to conclude that because evidence regarding a prior specific instance of Eigeman's resisting arrest was admitted in the trial against him, that evidence regarding Erickson's use of excessive force in an unrelated arrest must also be admitted. This simple equational argument ignores the distinctions between the specific instance of Eigeman's conduct, as it bore upon the factual issues presented, from that of defendant Erickson's. Eigeman's resistance to arrest occurred prior to the arrest upon which his complaint is centered. More importantly, the arrest was made by the same police agency. The evidence of Eigeman's

prior altercation with the Great Falls Police Department was properly admitted under Fed. R.Evid. 404(b) for the purpose of establishing the bias which was arguably harbored by Eigeman against that entity. *See, Heath v. Cast*, 813 F.2d 254, 259–60 (9th Cir.1987). The "other acts" evidence pertaining to defendant Erickson, on the other hand, occurred nearly six years *after* the arrest of which Eigeman complains. The latter incident never involved Eigeman. It is simply not probative of any other factual issue presented for resolution in the present action.